ABAT *vs.* BUISSON, CURATOR, &c.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

A judgment is the highest evidence of a debt, and the title merges in the
judgment; but proof of its discharge may be made by presumptive or
circumstantial evidence, as well as by positive proof.

The defendant, as curator of the vacant estate of François
Loiseau, deceased, on the 10th April, 1834, filed an account
of the first year's administration, and a tableau of the effects
and debts of said estate, and prayed that his appointment be
prolonged for another year and that his account be homolo-
gated. Joseph Abat made opposition to the tableau, and
claimed to be placed thereon as a mortgaged creditor of the
deceased, for the amount of a judgment and costs of four
hundred and fifty-eight dollars, which he had obtained in
May, 1827, and which was duly recorded.

The curator denied that the estate of Loiseau owed the
opponent any sum, and that the judgment annexed was
rendered on a promissory note which had been paid. He
pleads payment, and calls upon the opposing creditor to
deliver up the note on which he obtained judgment.

The certificate of the recorder of mortgages showed, that
the general mortgage resulting from recording the judgment,
had been erased and cancelled, by order of the Court of
Probates.

*H. R. Denis, Esq.*, testified, that he obtained this judgment
for Abat on a note drawn by Sendos, and endorsed by
Loiseau; that, on referring to the papers lately, he finds his
receipt for the note, which is withdrawn. He thinks, from
the circumstance of his withdrawing the note, that it must
have been settled; although he has no recollection of the
money having passed through his hands, &c.

Other witnesses testified as to the presumption and
probability of the note and judgment being paid.

53

EASTERN DIST.
*May,* 1836.

ABAT
*vs.*
BUISSON,
CURATOR, ETC.

The probate judge was clearly of opinion, from the circumstantial testimony in the case, and the fact of the note not being produced, that it was paid. Judgment was given for the curator, from which Abat appealed.

*D. Seghers,* for the appellant.

*Pichot,* contra.

*Bullard, J.,* delivered the opinion of the court.

The appellee having filed an account of his administration of the estate of one Loiseau, Abat made opposition to its homologation, on the ground that he was an hypothecary creditor of the deceased, by virtue of a judgment rendered in 1827, and duly recorded with the register of mortgages, which had been omitted in the account; and he prays an amendment of the account, and that he be recognized as a creditor for the amount of said judgment.

The curator, in his answer, admitted that such a judgment had been recovered and recorded, but he avers payment in the lifetime of his intestate.

The opposition was overruled and dismissed, and Abat appealed.

A judgment is the highest evidence of a debt, and the title merges in the judgment; but proof of its discharge may be made by presumptive or circumstantial evidence, as well as by positive proof.

The principle contended for by the counsel for the appellant is admitted: that a judgment is the highest evidence of a debt, and that the original title merges in the judgment; but proof of the discharge of such judgment may be made by presumptions as well as by positive evidence. In this case, it appears that the judgment was against Loiseau as endorser of a promissory note; that judgment was also recovered against the drawer. Some time afterwards, the note was withdrawn from the record by the plaintiff's counsel, who, being requested to erase the mortgage or enter satisfaction, answered, that the money had not passed through his hands, and he could not do it. It further appears, that on the 17th July, 1827, a *fieri facias* issued against the drawer; was returned by order of plaintiff's attorney, on the 31st of the same month, and on the 2d August the note was withdrawn,

the costs having been paid on the 29th of July; and the note is not accounted for.

EASTERN DIST.
*May*, 1836.

This evidence satisfies us as it did the court of the first instance, that the debt had been paid, and the judgment extinguished.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.