No. 1233.—BARTLEY, JOHNSON & Co., Appellees, v. SUCCESSION and HEIRS OF BOSWORTH, Appellants.

The plea of prescription will not be defeated for any cause not mentioned in the exceptions established by law.

The maxim *contra non valentem agere non currit prescriptio*, forms no part of our written law, and cannot be invoked to defeat the plea of prescription. Smith v. Stewart. (Ante page 67.)

APPEAL from the Thirteenth Judicial District Court, parish of Carroll, *Farrar, J. Sparrow & Montgomery*, counsel for plaintiffs and appellees.

WYLY, J. This suit was instituted under the act of 1853, to revive an order of seizure and sale and a judgment rendered against Felix Bosworth prior to 1853.

The defense is the plea of prescription, more than ten years having elapsed from the promulgation of the act of 1853, to the institution of this suit. There was judgment in favor of plaintiffs ordering the revival of the judgments and the defendant has appealed.

The act approved thirtieth of April, 1853, provides that "all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgment; *provided, however*, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment." * * * Acts of 1853, p. 250.

There was no citation issued nor steps taken to revive these judgments within ten years as provided by said act, and in 1863 the prescription of ten years accrued. Plaintiffs have endeavored to avoid the plea of prescription by invoking the maxim *contra non valentem agere non currit prescriptio*. They have introduced evidence to show that they could not institute suit during the war in the parish of Carroll, because the records were removed, and the parish site was occupied by the rebels; that plaintiffs lived in New Orleans and were prohibited by military orders from going into rebel lines during the war.

We have no authority to disregard the written law declaring that all judgments shall be prescribed by the lapse of ten years, and apply to this case the maxim *contra non valentem agere non currit prescriptio*, which forms no part of our written law. We had occasion to review this maxim and the authority of the courts of this State to apply it, in the case of Smith v. Stewart, lately decided; and for the reasons therein assigned, we are of opinion that the plea of prescription must prevail in this case.

It is therefore ordered that the judgment appealed from be reversed and annulled, and it is now ordered that plaintiffs' demand be dismissed at their costs in both courts.