Wade et als. v. Caspari.

No. 3752.—HENRY WADE et als. *v.* L. CASPARI.

A judgment in favor of a tutor of minors is prescribed by the lapse of ten years from its rendition, if it has not been revived in the manner pointed out by law. Session Acts of 1853, page 250. 23 An. 587.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn,* J. *C. Chapman & Son,* for plaintiffs and appellees. *J. M. B. Tucker,* for defendant and appellant.

WYLY, J. On the second September, 1854, Lewis R. Wamsly, tutor of the plaintiffs, who were then minors, recovered judgment against their former tutrix and co-tutor for $1441 75, being the balance found to be due on the rendition of their final account.

The plaintiffs, who are now of age, have brought this hypothecary action against the defendant, who acquired the property described in the petition, subsequent to the rendition of said judgment, from said tutrix and co-tutor.

The main defense is, that the judgment upon which this hypothecary action is based, is prescribed, more than ten years having elapsed and no revival thereof attempted.

The court gave judgment for the plaintiffs and the defendant appeals.

We find the judgment sought to be enforced against the property of the defendant by this hypothecary action, has never been revived and seventeen years have elapsed since it was rendered. We think the court erred in not maintaining the plea of prescription. The language of the act of 1853, is very sweeping; it makes no exceptions. It says: "All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgment; provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed by having a citation issued according to law." * * * *
Acts 1853, page 250. In Byrne, Vance & Co. *v.* Garrett, executor, 23 An. 587, this court said: "The act of 1853, fixing the prescription of judgments at ten years from their rendition, also provides the only means by which it can be averted." In the case of Arrowsmith, 21 An. 295, this court said: "The statute before us is in itself free from ambiguity. It says plainly that all judgments for money shall be prescribed by the lapse of ten years from the rendition thereof unless they are revived before they are prescribed by having citation issued from the court which rendered them."

But the plaintiffs contend that as they were minors, they are excepted from prescription under art. 3488 C. C. It is true the Code, which is the statute of 1825, excepts minors from prescription; but the statute of 1853 does not; it makes no exception. Now because

minors are excepted from the operations of the prescriptions announced in the Code or statute of 1825, does it follow that they are also excepted from the operation of the law of 1853, when that law makes no exception whatever, but on the contrary declares, in precise terms, that "all judgments for money shall be prescribed in ten years from their rendition" unless revived in the manner therein provided? If judgments in favor of the tutor of minors are not prescribed in ten years, as the plaintiffs insist, then all judgments are not prescribed, but only some. The law of 1853 which has been decided, 21 An. 295, to be free from ambiguity, will be disregarded under pretext of pursuing its spirit, in contravention of art. 13 C. C. The law of 1853 being free from ambiguity, there is no room for construction; it means what it says. When it says: all judgments, whether rendered within or without the State shall be prescribed in ten years, we understand that it means every judgment for money. If the exception in favor of minors in the Code of 1825 were applied to this statute, its meaning would be altered; all judgments would not be prescribed in ten years, but only some; judgments in favor of tutors would not be, although the statute creating the prescription, makes no exception.

Why should not tutors execute the judgments which they hold against debtors of the minors within ten years? It is their duty to do so; and if they fail in their duty the minors have the legal mortgage to secure them against the losses resulting therefrom. Courts favor laws of prescription because it is the interest of the Republic that litigation should terminate, that there shall be no suits, when parties fail to prosecute their rights within the reasonable period fixed by law for them to do so.

The statute before us makes no exception, and where the law has not discriminated, we can not.

Let the judgment appealed from be annulled, and let the demand of the plaintiffs be rejected, with costs of both courts.

---

Howell, J., dissenting. This is the first time the question, whether or not the prescription of judgments, established by the act of 1853, runs against minors, has been presented to this court, and I am unable to say that it does. It must be borne in mind that the judgment under consideration is simply one homologating a tutor's account and decreeing the sums due the minors respectively. It is true the said act is general, and by its terms applies to all judgments for money; but it must be construed or applied in connection with all other laws on the subject of prescription, and art. 3488 of the Civil Code (3522 of the revised Code) declares that "Minors and persons under interdiction can not be prescribed against except in the cases provided by

law." This rule is reiterated in art. 3519 C. C., with a slight modification of the last clause, which is appropriate in its position, following the express exceptions. As the act of 1853 does not provide expressly that the prescription it establishes shall run against minors, it should not be so applied. This act and the art. 3488 are not irreconcilable. All laws upon the same subject should be construed, if possible, to give force to each. This can be done in this instance by holding, and not without reason, that the Legislature intended the act of 1853 to be applied, as other equally positive and general provisions of law on the subject of prescription, that is, not to apply to minors, because of the existing special provision that no prescription is to apply to them unless the law in express terms declares that it shall. The Legislature is presumed to enact laws with reference to existing legislation on each subject, and the interpretation given to such legislation. The laws on the subject of prescription against minors in this respect, had received frequent interpretation prior to the act of 1853. 12 R. 264; 6 An. 111. If it was intended that said act should apply to minors the Legislature would doubtless have so expressed it. If judgments, homologating tutor's accounts and *fixing the amounts* due minors are prescribed by ten years, a grave and remarkable change is wrought in the legislation and jurisprudence relating to their rights. The law requires the rendition of annual accounts and the judgments homologating them, heretofore considered not conclusive, will place the minors in a much worse condition than if accounts are not filed and homologated.

I can not think the statute establishing the prescription of judgments is to be so understood.