## No. 798.

### SUCCESSION OF THOMAS S. HARDY AND WIFE.

The act of 1853 fixing the prescription of judgments at ten years from their rendition, also provides the only means by which it can be averted, and said prescription, therefore, can only be averted by complying with these requirements.

An acknowledgment and promise to pay by an administrator, is not an acknowledgment and promise by the debtor himself or by his specially authorized agent, even if the draft given by the administrator for the payment of the judgment, with the right of subrogation to the drawee, can be regarded as an acknowledgment and promise to pay the judgment. It is not considered that the draft amounts to such a promise.

APPEAL from the Parish Court of the parish of St. Landry. *Morrogh,* judge *ad hoc.* *Thomas H. Lewis,* administrator. *Martel & Hudspeth, Dupre & Garland, Moore & Garland,* for opponents to the tableau of distribution.

WYLY, J. The appellants, Francois Robin and Napoleon Robin, opposed the tableau filed by the administrator, because they are not placed thereon as special mortgage creditors for $731 86. The court held that their claim, evidenced by a judgment, is prescribed, more than ten years having elapsed and no revival thereof had, pursuant to the act of 1853.

It is conceded that the judgment was not revived in ten years, as required by the statute; but the appellants contend that the current of prescription has been interrupted, because, before it had accrued, execution twice issued, and also the former administratrix impliedly acknowledged the judgment by giving her draft in settlement thereof, which was not paid. "The act of 1853, fixing the prescription of judgments at ten years from their rendition, also provides the only means by which it can be averted." Byrne, Vance & Co. *v.* Garratt, executor. 23 An. 587.    See also Bertrand Drogre *v.* Charles Moreau and wife, 23 An. 173; Arrowsmith *v.* Durell, 21 An. 295; Walker *v.* Hays, 23 An. 176.

That the prescription of a judgment can only be averted by complying with the requirements of the act of 1853, we regard no longer an open question.

It is therefore ordered that the judgment appealed from be affirmed with costs.

---

### On the Motion for a Rehearing.

LUDELING, C. J.    The appellant relies upon section 2818 of the Revised Statutes of 1870 to sustain his position; that the course of prescription had been interrupted by the giving of a draft by an administratrix of a succession to pay a judgment against the deceased. The section is in the following words: "Thereafter parol evidence shall not be received to prove any acknowledgment and promise to pay any judgment, sentence, or decree of any court of competent jurisdiction, either in or out of this State, for the purpose or in order to take such judgment, sentence or decree out of prescription, or to recover the same after prescription has run or been completed; but in all such cases the acknowledgment and promise to pay shall be proven by written evidence signed by the debtor himself, or his specially authorized agent." The written acknowledgment and promise to pay spoken of in this section is to be made by the debtor himself, or his specially authorized agent.

It is manifest that an acknowledgment and promise to pay by an administrator is not an acknowledgment and promise by the debtor himself, or by his specially authorized agent, even if the draft given by the administratrix for the payment of the judgment. with the right of subrogation to the drawee, can be regarded as an " acknowledgment and promise to pay the judgment." But we do not consider the draft amounts to a promise to pay the judgment.

We do not, therefore, deem it necessary to decide, in this case, whether or not the section 2818 of the Revised Statutes of 1870 is repealed by the article 3547 of the Revised Civil Code.

The rehearing is refused.