## No. 911.

### ANDREW C. SMITH vs. ANNA A. PALFREY, ADMINISTRATRIX.

The note sued on matured on the first of March, 1860. The proceedings of the meeting of creditors, of whom plaintiff was one, were homologated on the eleventh of June, 1861, and this suit was brought on the eighteenth of October, 1873.

Whether the list of creditors filed is regarded as an acknowledgment of the debt, or the homologation of the proceedings of the creditors as a judgment on the debt (which, however, this court does not), the plaintiff's claim would be prescribed, as more than ten years have elapsed between the date of the judgment of homologation and the day on which the suit was instituted.

Prescription against a judgment can not be interrupted except by a suit to revive. In 1870 the prescription in this case had run since the date of the filing of the list of creditors, and an administrator can not create a debt by acknowledging a prescribed claim.

Prescription runs against all persons unless they are included in some exception established by law, and there is no exception in favor of creditors of a succession, whether solvent or not.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train,* J. *Fred. Gates,* for plaintiff and appellee. *Lyman Harding,* for defendant and appellant.

LUDELING, C. J. This is a suit to recover the amount of a promissory note executed by William T. Palfrey, Jr., deceased. The plaintiff obtained an attachment by garnishment process against G. A. Callery. The answer is a general denial and the plea of prescription of five and ten years.

There was judgment dissolving the attachment and in favor of the plaintiff for the amount of the note with interest and costs. The defendant has appealed.

It appears that William T. Palfrey, Jr., died in 1860, and the defendant was appointed administratrix. In 1860, treating the succession as an insolvent succession, the administratrix convoked a meeting of the creditors, and, accompanying her petition, she filed a list of creditors to be summoned; on that list is found the name of the plaintiff. The meeting was held, the plaintiff participated in its proceedings and made oath to the correctness of his claim, and the proceedings of the meeting were homologated.

The plaintiff urges that when defendant filed her schedule and caused him to be summoned as a creditor she thereby acknowledged him as a creditor, and that acknowledgment was a standing recognition of the debt, and suspended prescription as long as the estate remained unsettled. We can not assent to these propositions. The *list of creditors* only indicated who claimed to be creditors, and did not even state the amount or the nature of the *debts*. Nor was this list signed by the administratrix, or by any one proved to have been authorized by her to acknowledge the debts · of the succession. This was not such an acknowledgment of the debt as would interrupt prescription. But if it had been, the acknowledgment could not benefit the plaintiff.

The note sued on matured March 1, 1860; the proceedings of the meeting of the creditors was homologated on the eleventh of June, 1861, and this suit was filed on the eighteenth of October, 1873. Whether we regard the *list of creditors* filed as an acknowledgment of the debt, or the homologation of the proceedings of the creditors as a judgment on the debt (which, however, we do not), the plaintiff's claim would be prescribed, as more than ten years elapsed between the date of the judgment of homologation and the day on which the suit was instituted. 22 An. 577; 4 An. 102.

An attempt has been made to prove an interruption of the prescription in the year 1870 or 1871. If the evidence amounted to proof of an *interruption* of prescription by an acknowledgment, it could not benefit the plaintiff, as prescription against a judgment can not be interrupted except by a suit to revive, and in 1870 the prescription had run since the date of the filing of the list of creditors, and an administrator can not create a debt by acknowledging a prescribed claim. It is strenuously contended by plaintiff that an insolvent succession is in the same situation with a corporation, partnership, or individual who has made a surrender of his property to his creditors, and that, pending the settlement of the succession, prescription against the debts of the estate is suspended. But he has not cited us to any law or authority to support this position. The case in 7 An. 116, of the Gaslight and Banking Company vs. Hayes, is not in point.

Prescription runs against all persons unless they are included in some exception established by law (C. C. 3551), and there is no exception in favor of creditors of successions, whether solvent or not. 12 Rob. 507; 12 An. 216; 21 An. 67.

It is therefore ordered that the judgment of the lower court be reversed, and that the plea of prescription be maintained, and the plaintiff's demand be rejected with costs of both courts.