No. 8021.

### The Citizens' Bank of Louisiana vs. Wm. B. Hancock.

An attachment against a non-resident should not be dissolved because the petition covered by the affidavit alleges his residence to be in a named county, *Louisiana*, when the same petition refers to a petition filed by him, in which he represents himself as residing in the same county, *Indiana*.  It is a clerical error, almost evident.  It would be futile to dissolve an attachment in such a case, when, on proper correction, oath and bond, another would issue.

A judgment for a deposit, against which compensation could not be pleaded, can be attached by the depositary.  The character of the claim has been merged into the judgment, and cannot be invoked to resist the seizure, in an action where compensation is not set up.

APPEAL from the Third District Court for the Parish of Orleans. *Monroc*, J.

*Armand Pitot* for Plaintiff and Appellee :

1. Under the decision of the suit of Hancock vs. Citizens' Bank, 32 An. 590, reserving the rights of the Bank to proceed by proper action, an ordinary suit with process of attachment, the defendant being a non-resident, is a proper action. Case of Purvis vs. Reed, quoted by defendant, not applicable to the case at bar.

2. The suit of Hancock vs. Bank, 32 An. 590, was not tried on its merits. The Bank's plea of compensation was rejected and its rights reserved to proceed by proper action.

3. Judgment of the Court *a qua* was upon the admission of a deposit. This was an error, as no deposit was admitted, (See Petition, R. p. 1) and the question to be tried on the merits is, deposit or no deposit.

4. Reservation of the Banks's rights in suit of Hancock vs. Citizens' Bank 32 An. 590, is not *obiter dictum*, and under said reservation the Bank was authorized to institute proceedings for recovery of money paid through error. *Hancock being a non-resident was brought before the forum of the Third District Court by the attachment of his property, to-wit:* the judgment in his favor.

5. Prescription has had no time to mature between the decision of the Supreme Court in 32 An. p. 590 and the institution of the case now on appeal. Prescription could not run during the pendency of the first suit by Hancock vs. Citizens' Bank.

6. The relations of banks and depositors have nothing to do with the claim made for money paid through error by crediting one person with a deposit made by another.

7. Affidavit for the attachment in the case at bar is sufficient. The Bank, through its proper officer, swears that "all the facts and allegations in the petition are true." The petition states the amount due, and that the defendant was a non-resident. Miller vs. Chandler, 29 An. 89 ; Cross vs. Richardson, 2 N. S. 328.

8. The allegation in the Bank's petition that "Hancock resides in the State of Louisiana, Floyd County," is an error of the pen. The error was corrected: 1st. In the plaintiff's petition (Rec. p. 3) where Hancock's residence is given, out of his own mouth, as being in the State of Indiana, Floyd Co. 2d. In Hancock's petition, in his first suit against the Bank, filed by him in evidence, where he alleges that he resides in Indiana, Floyd Co.; (Rec. p. 17.) 3. By the declaration of the Supreme Court in the reservation in favor of the Bank. "Grammatical or clerical error do not vitiate proceedings if there be no ambiguity nor uncertainty. Bernard Klotz vs. Macready et al., decided on the 4th December, 1882."

9. Hancock's transferree bound by the reservation contained in favor of the Bank to proceed by proper action in Hancock vs. Bank, 32 An. 590.

*Merrick, Foster & Merrick* and *J. H. Ferguson* for Defendant and Appellee.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal from a judgment dissolving an attachment levied on a judgment recovered by the defendant against the plaintiff in this Court in 1880. 32 An. 590.

Two grounds are relied upon for the dissolution : 1st, the insufficiency of the petition and *affidavit ;* and 2d, the privileged. character of the claim seized.

*First.* The objections to the insufficiency of the proceeding consists in the description of the defendant's residence as being in Floyd County, *Louisiana.*

On the trial of the rule to dissolve, it was shown that this was a clerical error, by the recital of Hancock himself, in his petition in his

suit against the Bank, in which he stated his residence to be in Floyd County, *Indiana.*

The error was presumable, almost evident. It is palpable, as there are no counties in Louisiana, and as attachments issue mainly against non-residents of the State.

Besides, the petition in the present case refers to the suit of Hancock against the Bank, in which he styled himself a citizen of the State of Indiana, residing in Floyd County.

Whatever the error was, it would be futile to dissolve an attachment on that ground, as, upon proper correction, oath and bond, the writ could issue *de novo.*

*Second.* In the case to which reference is made, as decided by us, the plaintiff, Hancock, claimed the amount of a sum figuring to his credit on the books of the Bank. His demand was resisted on the ground that he was indebted to the Bank for an overdrawn amount, *compensation* being pleaded. We decided that the Bank could not set that defense against a deposit; that she could have set it up in the shape of a *reconventional demand* and without at all trenching upon the merits of such claim, we reserved her right to proceed by proper action for the recovery of the same.

The proposition is unwholesome, that by attaching that judgment of Hancock, the Bank does indirectly that which she cannot do directly, namely: that she pleads compensation against a claim which cannot be extinguished in that mode, and that by the seizure of it she avoids the payment of a sacred and judicially recognized debt.

We do not understand the Bank as thus pleading. She could have reconvened in the previous action, but did not do so. She has since brought the present suit, the object of which is to recover the amount said to have been overdrawn by Hancock and which she considers herself entitled to recover from him. She couples her action with an attachment to secure the only property of her debtor, that she knows of, within her reach.

It is true that such property is a judgment for a sum declared to have been so deposited with the Bank, that she could not deny it, but that claim, whatever it originally was, has not retained its primitive nature or complexion. Its character and features have been merged or novated in the judgment rendered for it and have sunk into it altogether. The thing once claimed has totally lost its separate existence and has since assumed a distinct and different garb and substance, which is the highest evidence of the debt. Judgments do not confirm, but extinguish causes of action, substituting therefor a new title, importing absolute verity. It is precisely as if the parties expressly had novated the original cause of action by a new contract.

Bank vs. Hancock.

The rendition and entry of a judgment or decree establishes in the most conclusive manner, and reduces to the most authentic form, that which had hitherto been unsettled and which had, in all probability, depended for its settlement upon destructible and uncertain evidence. The cause of action thus established and permanently attested is said to merge into the judgment establishing it, upon the same principle that a simple contract merges into a specialty. Courts, in order to give a proper and just effect to a judgment, *sometimes* look behind to see upon what it is founded, just as they would, in construing a statute, seek to ascertain the occasion and purpose of its enactment. The cause of action, though it may be examined to aid in interpreting the judgment, can never again become the basis of a suit between the same parties. It has lost its vitality; it has expended its force and effect. All its power to sustain rights and enforce liabilities has terminated in the judgment or decree. It is " drowned in the judgment." Freeman on Judgments, § 215; 9 L. 418; 1 An. 372; 3 An. 386; 7 An. 334; 9 An. 339; 12 An. 736, 565; 14 An. 231; 7 Cranch, 483; 3 Wheat. 234.

Rules are not without exceptions. It would seem that a difference exists where a question of public interest and public good is at stake. 33 An. 17.

If it be true that the Bank has a valid claim against Hancock, she has the undoubted right, on a proper showing, to have its payment secured by *mesne* or final process, or levy on any property of his within the State. The judgment recovered, whatever its consideration be, enjoys no immunity and is not shielded from seizure.

It is nothing but sheer justice to allow the Bank, if she have the real claim which she asserts against this non-resident, to resort to the conservatory measures of the law to prevent a total and irretrievable loss.

The attachment should not have been dissolved.

It is, therefore, ordered and decreed, that the judgment appealed from be reversed, and it is now ordered and decreed, that the rule taken to dissolve the attachment herein issued be denied with costs in both Courts.