(135 So. 32)

### FRITZ JAHNCKE, Inc., v. FIDELITY DEPOSIT CO. OF MARYLAND et al.
### No. 30218.

On Motion to Dismiss Appeal Nov. 3, 1931.
On Merits April 27, 1931.

Rehearing Denied May 25, 1931.

Spearing, McConnell & McClendon, of New Orleans, for appellants.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellee Globe Indemnity Co.

### On Motion to Dismiss Appeal.

OVERTON, J.

This is an appeal from a judgment on a rule, filed by Emery & Norton, to distribute the residue of a fund in the registry of the civil district court for the parish of Orleans. The judgment, appealed from, is against Emery & Norton, the plaintiffs in rule, who constitute, apparently, a partnership.

The appeal was moved for and obtained by Emery & Norton, Inc., which, as its name indicates, is a corporation.

In the appeal bond given, the appellant is described in the first part as Emery & Norton, and in the latter part as Emery & Norton, Inc., and in the bond the judgment appealed from is described as one rendered against Emery & Norton, Inc., whereas the remainder of the record makes it clear that the judgment was rendered against Emery & Norton.

Appellee has moved to dismiss the appeal on the ground that Emery & Norton, Inc., was, at no time, a party to this litigation, and has no appealable interest in it, Emery & Norton being the parties cast, who are interested in the litigation, but who have not appealed.

The motion to dismiss should be denied. It is apparent that the error amounts only to a confusion in the use of the name of Emery & Norton, the real appellants, which is not misleading. In these circumstances the appeal should not be dismissed.

The motion to dismiss is denied.

### On Plea of Prescription.

ODOM, J.

This proceeding is in a sense part of and a continuation of a concursus before the court in the case of Fritz Jahncke, Inc., v. Fidelity & Deposit Co. of Maryland et al., 166 La. 593, 117 So. 729. But the issues now involved are not similar to and have no connection with those presented and decided in the reported case.

The controversy here involved is between the Globe Indemnity Company and Emery & Norton, Inc., two creditors of John Thatcher & Son, the contractors who built a clubhouse for the Elks Lodge in the city of New Orleans, each creditor claiming a superior right to the balance of the contract price due the contractor after the completion of the work and the payment of all liens.

Neither of these creditors had any lien or privilege on the building, but were ordinary creditors of Thatcher & Son, which was a nonresident corporation. They brought attachment proceedings against the contractor, making the Elks Club a party garnishee, and seized or attempted to seize whatever funds were in the garnishee's hands due the contractor.

These attachment and garnishment proceedings were sued out and served on the same day, that of the Globe Indemnity Company being served first, giving it a privilege on the funds seized which ranked that of Emery & Norton, Inc.

When the building was completed, the Elks 'Club owed the contractor something over $60,000, which it deposited in the registry of the court in a concursus proceeding. After the payment of all creditors who had liens there remained in the registry of the court approximately $4,000 due the contractor.

Emery & Norton, Inc., obtained final judgment against the contractor by default on February 3, 1920, and under a writ of fieri facias seized this fund in the hands of the clerk of the civil district court, and it now claims a privilege thereon by virtue of said seizure. The Globe Indemnity Company claims a prior and superior privilege by virtue of its seizure in the garnishment proceedings.

The case is now before us on appeal from a judgment awarding this fund to the Globe Indemnity Company.

■■ On January 31, 1931, the Globe Indemnity Company filed in this court a plea of prescription of ten years under article 3547 of the Civil Code, in bar of the claim of Emery & Norton, Inc.

The judgment of Emery & Norton was rendered on February 3, 1920. Under article 3547, "all judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments."

More than ten years have elapsed since the rendition of this judgment, and it is therefore prescribed on its face.

This ends the controversy between these litigants. Emery & Norton, Inc., have lost

their claim against and their right to these funds by permitting their judgment to expire. They came into court in the present proceeding claiming this fund and asserting a privilege upon it by virtue of their seizure under a writ of fieri facias which was issued under their judgment. They had no claim and no privilege except that which resulted from the seizure.

When the judgment expired, the writ expired with it, and when the writ expired the seizure was dissolved and the privilege conferred by the seizure was extinguished. The right of Emery & Norton, Inc., to the fund was claimed by it, not by virtue of its debt against Thatcher & Son, but by virtue of its judgment. Its judgment being extinguished, its claim is dead also. The foundation of its action in the present case has been swept away. Chapman, Executrix, v. Citizens' Bank, 31 La. Ann. 395.

■ Since the filing of the plea of prescription, counsel for Emery & Norton, Inc., have filed a supplemental brief in which the contention is made that prescription of their judgment was interrupted or suspended by virtue of their seizure of the property under the judgment; that, when they seized the amount in the hands of the clerk, they obtained a privilege upon it and held it in "judicial pledge," and they say:

"So long as the possession of the pledge continues the said possession is a continuous interruption of prescription."

They cite authorities which support the proposition that the holding in possession by the pledgee of the thing pledged is a continuous interruption of prescription against the debt.

But this case does not involve the prescription of a debt, but the prescription of a judgment, which is but an accessory right.

Article 3547 of the Civil Code provides the only method by which a judgment creditor may prevent his judgment from prescribing or expiring, that is by filing suit to revive at any time before it is prescribed. Bailey v. Louisiana & N. W. Ry. Co. et al., 159 La. 576, 105 So. 626.

The plea of prescription is sustained.

Judgment affirmed.