ST. PAUL, X
 

 This case was before us in 1929 and was then remanded to the court below “to be proceeded with according to law.” See 169 La. 101, 108, 124 So. 186. The opinion of the Chief Justice on the motion to dismiss states the main facts, but the particular issue now before the court is whether or not a moneyed judgment rendered by a court of another state of the Union can be executed in this state when more than ten years have elapsed since its rendition and where said judgment has not been revived by a judgment rendered contradictorily with the party against whom it is sought to use it, although said judgment might still be executory in the state in which it was rendered.
 

 The law of this state provides:
 

 Rev. Civ. Code, art. 3547: “All judgments for money, whether rendered within or without the State, shall be prescribed by the lapse of ten years from the rendition of such judgments. Provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment, unless defendant or his representatives show good cause why the judgment should not be revived. * * *”
 

 In Bailey v. L. & N. W. Ry. Co., 159 La. 576, 581, 105 So. 626, 628, we held that:
 

 . “When it was enacted [by Act No. 274 of 1853, p. 250, now Rev. Civ. Code, art. 3547] that judgments should prescribe or expire at the end of 10 years from their rendition, the Legislature provided the method by which a judgment creditor might prevent the prescription'or expiring of his judgment. We
 
 have no doiibt that the method provided was intended to he the only method of preventing the prescription of a judgment.”
 
 (Italics by this writer.)
 

 Again, in Fritz Jahncke, Inc., v. Fidelity Deposit Co. of Maryland, 172 La. 704, 135 So. 32, 33, this court said:
 

 “Article 3547 of the Civil Code provides the only method by which a judgment creditor may prevent his judgment from prescribing or expiring, that is by filing suit to revive at any time before it is prescribed.”
 

 In McElmoyle v. Cohen, 13 Pet. 312, 327, 10 L. Ed. 177, the Supreme Court of the United States said:
 

 “It,would be strange, if in the now well-understood rights of nations to organize their judicial tribunals, according to their notions of policy, it should be conceded to them in every other respect than that of prescribing the time within which suits shall be litigated in their courts.”
 

 Interpreting that decision in Roper v. Monroe Grocer Co., 171 La. 181, 129 So. 811, 814, 75 A. L. R. 197, this court said:
 

 “It was decided in McElmoyle v. Cohen, 13 Pet. 312, 10 L. Ed. 177, and is universally recognized, that a state may, without violating-the full faith and credit clause, in limiting the time within which an action may be brought on a judgment rendered in another state, make the time shorter than the time allowed by the law of the state in which the judgment was rendered.”
 

 
 *393
 
 And we quoted from that case as follows:
 

 “The plea of the statute of limitations, in an action instituted in one state on a judgment obtained in another state, is a idea to the remedy; and consequently, the lex fori must prevail in such a suit.
 

 “Prescription is a thing of policy growing out of the experience of its necessity; and the time after which suits or actions shall be barred, has been, from a
 
 remote
 
 antiquity, fixed by every nation, in virtue of that sovereignty by which it exercises its legislation for all persons and property within its jurisdiction.
 

 “There is no constitutional inhibition on the states, nor any clause in the constitution, from which it can be even plausibly inferred, that the states may not legislate upon the remedy, on suits on the judgments of other states, exclusive of all interference with their merits.
 

 “A suit in a state of the United States, on a judgment obtained in the courts of another state must be brought within the period prescribed by the local law, the lex fori, or the suit will be barred.”
 

 Whereupon, we concluded and held that:
 

 “In a suit brought in this state on a judgment rendered in another state, * * * it is the law of Louisiana that determines whether the right of action is barred by prescription.”
 

 As Louisiana has a right to determine when a foreign judgment shall become prescribed and no longer executory within its limits, it follows that it alone can determine under what circumstances such prescription may be avoided. And that is what Louisiana has done by Rev. Civ. Code, art. 3547. It has there provided that all judgments, domestic or foreign, shall be prescribed in ten years from the time of rendition, and shall not thereafter be executory in this state unless revived contradictorily with the party against whom one proposes to use it.
 

 The judgment herein sought to be executed was never revived contradictorily with this defendant. It may (it seems) still be executed in the state of Texas under the laws of that state, owing to certain ex parte proceedings had in that state; but those ex parte proceedings are of no avail to extend the period of prescription here.
 

 The trial judge overruled the plea of prescription herein filed by the defendant. We think he erred. The plea should have been sustained.
 

 Decree.
 

 For the reasons assigned the plea of prescription herein filed by the defendant is sustained and plaintiffs’ suit is now dismissed at his cost in all courts. ..