**74 So.2d 193**

**CASSIERE**

**v.**

**CUBAN COFFEE MILLS, Inc., et al.**

**No. 41212.**

May 31, 1954.

Rehearing Denied July 2, 1954.

Ferris & Achee, Shreveport, for plaintiffs-appellants.

Cook, Clark & Egan, Bailey, Hammett & Adams, Shreveport, for defendants-appellees.

McCALEB, Justice.

The widow and son of Germain Cassiere are appealing from the dismissal, on exceptions of no cause of action and prescription, of their petition to revive the judgment rendered in this suit on March 23, 1932, in favor of Cassiere (who died on August 24, 1950) and against J. M. Robinson, the Estate of H. C. Robinson, E. A. Shaw and R. T. Lawhon, as receiver of Cuban Coffee Mills, Inc., in solido, for the sum of $6,750 with 8% per annum interest from September 25, 1931, until paid and 10% attorney's fees on the principal and interest.

The petition to revive was filed on March 24, 1952, twenty years after the signing of the judgment, and the widow and heirs of James M. Robinson and E. A. Shaw were cited as parties defendant. They appeared and interposed the exceptions which were sustained below. In order to take the original judgment out of the applicable prescription of ten years, which appears to have accrued on the face of the petition, plaintiffs alleged that its current had been interrupted by a series of judicial acknowledgments, which had been made by one or more of the original solidary judgment debtors in a number of proceedings taken by Cassiere in his efforts to collect the judgment following its rendition and also by Cassiere's subsequent interdiction in 1941 for insanity.[1] In addition, it was averred that certain legal proceedings, taken on behalf of Cassiere for recognition of the judgment as offsetting another judgment obtained against him by J. M. Robinson, one of the judgment debtors, culminating in a decree in his favor in 1942, effected a revival of the 1932 judgment and, as a final alternative, it was pleaded that, should all of these circumstances be held not to save the original judgment from prescription, plaintiffs nevertheless are entitled to have judgment against the defendants on the original debt by reason of the judicial acknowledgments of that debt following rendition of the 1932 judgment.

---

1. Although counsel for plaintiffs maintain that, under Article 3554 of the LSA–Civil Code, liberative prescription is interrupted by minority or interdiction, this concept is not supported either by the language of the article (it declares that "Prescription does not run against minors and persons under interdiction * * *") or the jurisprudence. See Sample v. Whitaker, 172 La. 722, 135 So. 38 and other cases holding that minority or other incapacity operates only as a suspension of the running of the liberative prescription as long as the legal disability continues.

The trial judge found that the allegations made by plaintiffs were not competent to toll prescription, being of the opinion that the method provided for by Article 3547 of the LSA–Civil Code for revival of a judgment was exclusive and that the other provisions of the Code, relative to interruption of the liberative prescription, were inapplicable to the prescription of monied judgments. The judge based his ruling on the decisions in Bailey v. Louisiana & N. W. R. Co., 159 La. 576, 105 So. 626; Fritz Jahncke, Inc., v. Fidelity Deposit Co. of Maryland, 172 La. 704, 135 So. 32; White v. Davis, 174 La. 390, 141 So. 6; Park v. Markley, La.App., 17 So.2d 459; Blanchard v. Smith, La.App., 45 So.2d 527 and Evans v. Hamner, 209 La. 442, 24 So.2d 814.

On this appeal, counsel for plaintiff concede that the holding of the trial judge is sustained by the decisions in Bailey v. Louisiana & N. W. R. Co., White v. Davis and Fritz Jahncke v. Fidelity Deposit Co., supra, and also by dictum in certain other cases, including Converse v. Victor & Prevost, 208 La. 47, 22 So.2d 737, 160 A.L.R. 674. But they assert that this jurisprudence is founded upon an erroneous conception of the law announced in 1925 in the Bailey case which, in effect, overruled prior decisions to the contrary and that the doctrine of the Bailey case should be rejected and the former jurisprudence, which counsel say endured for 47 years, reinstated.

The pertinent part of Article 3547 of the LSA–Civil Code declares:

"All judgments for money, * * shall be prescribed by the lapse of ten years from the rendition of such judgments, * * *. Provided, however, that any party interested in any judgment may have the same revived at any time before it is prescribed, by having a citation issued according to law, to the defendant or his representative, from the court which rendered the judgment, unless defendant or his representative show good cause why the judgment should not be revived, * *.

"Any judgment revived, as above provided, shall continue in full force for ten years from the date of the order of court reviving the same, and any judgment may be revived as often as the party or parties interested may desire."

The foregoing article was originally enacted as Act 274 of 1853. Prior thereto, debts that were reduced to judgment were not subject to the laws of prescription. Under the first decisions, in which the court was called upon to interpret Article 3547, it was held that an action to revive the judgment was the only way by which the accrual of prescription could be prevented. See Bartley, Johnson & Co. v. Succession of Bosworth, 21 La.Ann. 126; Wade v. Caspari, 24 La.Ann. 211; Succession of Hardy, 25 La.Ann. 489; Samory v. Montgomery, 27 La.Ann. 50 and Smith v. Palfrey, 28 La. Ann. 615.

This jurisprudence remained constant from 1869 until the decision in 1878 in Succession of Patrick, 30 La.Ann. 1071, where, after considering Article 3547 in connection with Article 2278 of the LSA–Civil Code, it was resolved that prescription on judgment debts was subject to the same rules respecting the interruption of the current of prescription that were applicable to other debts not reduced to judgment. The decision in Succession of Patrick, for all practical purposes, effected a renunciation of the prior pronouncements and the rationale of that case was either applied or cited with approval in Calhoun v. Levy, 33 La.Ann. 1296; Levy v. Calhoun, 34 La.Ann. 413; Succession of Saunders, 37 La.Ann. 769; Lalane v. Payne, 42 La.Ann. 152, 7 So. 481 and Norres v. Hayes, 42 La.Ann. 857, 8 So. 606.

Thus, it is seen that this change in the jurisprudence lasted until 1925 when, in Bailey v. Louisiana & N. W. R. Co., the court again reversed its position and reinstated the construction given to Article 3547 of the Code by the earlier cases. In reaching this decision, the court reasoned that since a judgment for money does not create a debt but only recognizes the obligation and makes it executory, there was no basis for believing that the drafters of the Code intended that the rules, relative to the interruption or suspension of the liberative prescription from debt, were to be applied to the prescription of such judgments.

As we have stated, industrious counsel for plaintiffs attack the decision in the Bailey case, charging that it cannot withstand assiduous scrutiny in view of Article 2278 of the Civil Code. That Article is found under Chapter 6 of Title IV of the Code, dealing with conventional obligations. Chapter 6 bears the heading "Of the Proof of Obligations and of that of Payment". The pertinent part of Article 2278 provides as follows:

"Parol evidence shall not be received:

"1. To prove any acknowledgment or promise to pay any judgment, sentence or decree of any court of competent jurisdiction, * * * for the purpose or in order to take such judgment, sentence or decree out of prescription, or to revive the same, after prescription has run or been completed.

* * * * * *

"But in all cases mentioned in this article, the acknowledgment or promise to pay shall be proved by written evidence signed by the party who is alleged to have made the acknowledgment or promise * * * ".[2]

2. This article was originally enacted as Act 208 of 1858. That Act, in providing against the reception of parol evidence, stated that it should not be received to prove "any acknowledgment and promise to pay any judgment", etc. However,

In Succession of Patrick, the court, construing Article 3547 in the light of Article 2278, resolved that the latter Article made it manifest that the redactors of the Code did not intend that the method provided by the former for the prevention of the prescription of monied judgments should be exclusive. But, in adopting a contrary view in the Bailey case, the court deduced that Article 2278 had no effect whatever upon the provisions of Article 3547 and concluded, as aforesaid, that the method provided in the latter was exclusive. In its opinion, the court observed that the decision in *Succession of Patrick* had been erroneously construed in other cases to mean that prescription of a judgment could be prevented not only by an action to revive it but also by acknowledgment of the judgment debtor; that this was an incorrect view of the Patrick decision and that what the court there had in mind was not that prescription on the judgment could be interrupted but only upon "the debt evidenced by the judgment". Further, the court resolved that, if the ruling in the Patrick case "* * * had to be construed as maintaining that a judgment may be revived for ten years, and kept alive and executory, by the debtor's acknowledgment of the existence and amount of the judgment, we would feel constrained to overrule the decision".

when the statute was incorporated in the Code the conjunction *and* was changed to the disjunctive *or*. There

Counsel for plaintiff maintain that the reasoning of the court in the Bailey case, that Article 2278 of the Code means that it is the debt evidenced by the judgment which may be acknowledged by the debtor so as to take it out of prescription and not the judgment itself, is unsound because it is well settled that the debt on which the judgment is founded no longer exists; that it is merged in the judgment and that res adjudicata would foreclose any action based on such a debt.

■ There can be little doubt as to the validity of this criticism. It is the firmly established jurisprudence of this State that a debt, having been reduced to judgment, is merged therein and that it no longer exists as a distinct obligation, having acquired the status of the thing adjudged. Mackee v. Cairnes, 2 Mart., N.S., 599; Abat v. Buisson, 9 La. 417; West Feliciana R. Co. v. Thornton, 12 La.Ann. 736; Citizens Bank of Louisiana v. Hancock, 35 La.Ann. 41 and Lalane v. Payne, supra.

We find it hard to believe that the court overlooked the above stated principle of law in the Bailey case. Perhaps, in the resolution that it was only the debt evidenced by the judgment upon which prescription could be interrupted, the author of the opinion had in mind the legal effect of a written promise of the party cast to

is no reason to believe that this change was ex industria.

pay a judgment, whether given before or after prescription had accrued. Surely, such a promise is valid and enforceable but only because it creates a new obligation[3] and not because it interrupts the prescription on the original debt which no longer existed when it was reduced to judgment.

But our acknowledgment that the court, in the Bailey case, was in error in its appraisal of the decision in Succession of Patrick and also in its interpretation of Article 2278 of the Code, does not necessarily mean that we regard the conclusion reached therein as incorrect or that the case should no longer be followed.

■ On the contrary, after a consideration of all of the jurisprudence on the subject and the various conflict of views that have been expressed, we are convinced that the rule announced in the Bailey case, that Article 3547 of the Code provides the only method by which the ten year prescription on a judgment may be prevented, is the better rule. Indeed, we think it the wiser policy to regard Article 3547 as sui generis and we attach no particular importance to the circumstance that, because it has been placed in that part of the LSA-Civil Code which deals with the liberative prescription,

the articles pertaining to the interruption of prescription are, or should be, applicable.

It is true that the ruling in the Bailey case would seem to render obsolete those provisions of Article 2278 of the Code, indicating that written evidence of an acknowledgment or promise to pay a judgment is admissible for the purpose of taking such judgment out of prescription or to revive it after it has run or been completed. But, if this was the concomitant result of the court's erroneous interpretation in the Bailey decision of the provision of Article 2278 pertaining to judgments, that provision has not been extant since 1925 (when the Bailey case was decided) and, although the Legislature has met on numerous occasions since then, it has not found it advisable to resurrect it. Hence, it is to be assumed that it approves of the construction given by the Court to Article 3547.

Moreover, aside from all other considerations, when we take notice that the Bailey case has been consistently approved by this court since its rendition[4] and that it is undoubtedly the general understanding of members of the bar that all judgments for money prescribe within ten years unless revived in the manner provided by Article 3547 of the Code, we feel that it would be

---

3. A written promise to pay a judgment upon which prescription has not run is supported by valid consideration, i. e., the civil obligation. And a promise to pay a prescribed judgment is likewise supported by good consideration—a natural obligation. See Articles 1758 and 1759, LSA–Civil Code.

4. Except for certain obiter dictum contained in Mulling v. Jones, 164 La. 894, 114 So. 725.

detrimental to the jurisprudence for us to depart from that doctrine as this late date, and albeit, we perceive no impelling reason to do so.

Since we adhere to the ruling in the Bailey case and those pronouncements following it, we pass on to a consideration of the contention of plaintiffs that the proceeding filed on behalf of Germain Cassiere in 1940 to cancel a judgment rendered against him in favor of the judgment debtor, J. M. Robinson, operated as a revival of the judgment.

We find no merit in this point. It appears from the record that J. M. Robinson obtained a judgment against Cassiere for $2,043.-50, representing fees as keeper of livestock under appointment of the court. The livestock, which had been seized by Cassiere under a writ of fieri facias, belonged to the children of Robinson. When this judgment became final, the curatrix of Cassiere filed a petition to have it cancelled on the ground that it was compensated and extinguished in toto by the judgment which Cassiere held against Robinson. The court sustained this claim and entered a judgment in favor of Cassiere.

The proceeding for cancellation of the Robinson judgment cannot be regarded as an action to revive the judgment which is the subject of this suit. It was no more than an effort on the part of the curatrix of Cassiere to have his debt to Robinson declared legally extinguished, identical in principal with any other partial collection or satisfaction of the judgment.

Finally, counsel assert alternatively that plaintiffs are entitled to a judgment against defendants for the debt evidenced by the judgment in view of the acknowledgments of the judgment debtors. This demand is founded on the theory announced in the Bailey case, with which neither counsel nor we agree, that the judgment cannot be taken out of prescription or revived by its acknowledgment but only upon acknowledgment of the debt upon which the judgment is based. As heretofore stated, the flaw in this postulate is that the debt, having been merged into the judgment, has become res adjudicata and may not again be claimed. In this case, there is no showing of a promise of any of the defendants to pay the judgment, which would create a new obligation provable under the conditions prescribed by Article 2278 of the LSA–Civil Code.

The judgment appealed from is affirmed.