GLADNEY, Judge.
Agricultural Enterprises, Inc. instituted this suit to cancel a lease alleged in its petition as having been “established by the judgment dated October 19, 1960, in the case of ‘Samuel R. Morgan, Jr. vs. Agricultural Enterprises, Inc.’ ” As grounds for cancellation it is set forth that the lessor, the appellee herein, has taken possession of the leased premises for his own purposes and through leasing to a third party. From judgment sustaining an exception of no cause of action, plaintiff has appealed.
The lease involved in this action is identically the same adjudged in proceedings before the First Judicial District Court of Caddo Parish on October 19, 1960, under docket No. 138,766, and affirmed by this Court February 2, 1961 (La.App., 127 So.2d 335). In that case the trial court in its reasons for judgment observed that Agricultural Enterprises, Inc., the lessee, had notified the lessor it intended to terminate the lease and vacate the premises, and thereafter the premises were not in use by it after March 12, 1959. The judgment awarded rent for a period ending March 1, 1963, and reserved the right of the defendant to any credit for rent received by the lessor from other tenants. Thus, under the decree which is now a final judgment, the appellant may receive an accounting for income from the rented premises, for in letting to others the lessor acts in the capacity of negotiorum gestor. Although undoubtedly, appellant may secure possession of the premises under the judgment, it does not indicate in this suit any desire to exercise for itself any rights of occupancy.
The exception of no cause of action urges that the lease between the parties has been merged into a money judgment for past and future rent with reservation of the rights of the lessee to any credits arising from the use of the premises, and that plaintiff’s only remedy under the terms of said judgment is for an accounting which appellant does not demand in this suit.
It is a well settled principle of law that an obligation having been reduced to judgment, is merged therein and no longer exists as a distinct obligation, but it is deemed as having acquired the status of the thing adjudged. Mackee v. Cairnes, 2 Mart., N.S. 599 (1824) ; Abat v. Buisson, 9 La. 417 (1836) ; West Feliciana Railroad Company v. Thornton, 12 La.Ann. 736 (1857); The Citizens Bank of Louisiana v. Hancock, 35 La.Ann. 41 (1883); Lalanne v. Payne, 42 La.Ann. 152, 7 So. 481 (1890); Cassiere v. Cuban Coffee Mills, 225 La. 1003, 74 So.2d 193 (1954). A right ceases to be litigious when judgment has been rendered. Cucullu v. Hernandez, 103 U.S. 105, 26 L.Ed. 322. The foregoing cases establish the principle that a judgment is the highest evidence of the debt, *42 and the title merges m the judgment. Thus, where judgment is had on a note, the latter is merged in the former, from which only by its reversal or rescission, can it be reversed. West Feliciana Oil Company v. Thornton, 12 La.Ann. 736 (1857).
The right of the lessee to receive credits of rent accruing from the occupancy of the leased premises is preserved by the judgment and the acts of the lessor of which appellant complains appear to be in the nature of steps taken as a negotiorum gestor. The rule as to the respective rights of lessor and lessee where the latter has abandoned the premises and has been held liable for rent during the term, is set forth in Lirette v. Sharp, et al., La.App., 44 So.2d 221 (1st Cir. 1950), which follows the holding of Bernstein v. Bauman, 170 La. 378, 127 So. 874 (1930), Hyman v. Hibernia Bank & Trust Company, 144 La. 1074, 81 So. 718 (1919), and other authorities therein cited. The court commented:
“These cases therefore are authority for the rule that when the lessee abandons the leased premises without justification, such abandonment matures the whole amount of the rent under the lease and the lessor, acting as negotiorum gestor for defendant, may lease the premises to another tenant without impairing his recourse against the lessee, provided however, that if he so acts, the lessee is entitled to credit for the rent received. There is nothing in these cases which hold that there is any legal duty on the lessor’s part to act as a negotiorum gestor for defendant. He has the discretion of demanding his whole rent or may act as a negotiorum gestor for the defendant and re-lease the premises for the benefit of the lessee. In our case, the lessor chose to claim the whole rent. It appears to us that it was more the duty of the defendants to sublease the premises than the plaintiff.”
We have not been referred to any Louisiana authorities to the contrary and consider the rule above set forth as well established in our jurisprudence.
For the reasons hereinabove set forth, the judgment is affirmed.