372 So.2d 250 (1979)
GLAZER STEEL CORPORATION
v.
LAROSE SHIPYARD, INC.
No. 12585.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
*251 Francis A. Ledet, Houma, Ira J. Middleberg, New Orleans, for petitioner and appellant.
John J. Erny, Jr., Larose, for defendant and appellee Larose.
William S. Poole, Jr., of Adams & Reese, New Orleans, for defendant and appellee, George Engine Co.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
This is an appeal from an executory judgment sustaining an exception of improper venue and transferring the suit. The issue is the validity of that action. We affirm.
Plaintiff brought suit in December, 1975, on an open account against Larose Shipyard, Inc., in Lafourche Parish for material supplied to several ships Larose was building. When answer was filed the case was set for trial. On the trial date, however, only the plaintiff appeared in court. Judgment was entered against defendant Larose.
On March 3, 1978, nearly a year later, plaintiff filed an amended petition naming George Engine Company as solidary obligor in the suit against Larose and asking that the amended petition relate back to the original petition. Plaintiff claims the basis for the solidary liability is an undisclosed principal and agent relationship between George Engine and Larose.
C.C.P. 42(2) makes the parish where its registered office is located the proper venue for a suit against a domestic corporation. George Engine Company's registered office is in Jefferson Parish. Under C.C.P. 73 proper venue of a case against solidary obligors is any parish of proper venue as to any obligor who is made a defendant. Lafourche Parish was the proper venue as to Larose Shipyard.
While the trial court has great discretion in allowing an amendment to the pleadings, we feel an amendment nearly a year after judgment is final is improvidently granted. See Landry v. Baugnon, 17 La. 82 (New Orleans, 1841).
Once an obligation is reduced to judgment, it is merged with the judgment and no longer exists as a distinct obligation or a litigious right. Agricultural Enterprises, Inc. v. Morgan, 140 So.2d 40 (La.App. 2nd Cir. 1962). It would be anomalous to allow a plaintiff to amend a petition, adding a new defendant, and have it relate back to a petition on an obligation that has been merged into a final judgment. The effect of the assertion of a solidary obligation against Larose and George Engine is that plaintiff is suing Larose again on an obligation for which they already have judgment.
We therefore believe that the amended pleadings should not have been permitted. The technically correct judgment probably should be the dismissal of the suit as to George Engine, but in the interest of economy we will allow the transfer.
This decision renders unnecessary the consideration of the question of solidary obligation between an undisclosed principal and an agent.
For these reasons the judgment is affirmed at appellant's costs.
AFFIRMED.