JjCOOKS, Judge.
Walter Lemaire, a guest passenger, sustained serious injury when a vehicle driven by Robert Harrington, Jr. veered off the highway, struck a culvert, and eventually came to rest in an open field. The driver of the vehicle was fatally injured. In addition to filing suit against the driver’s estate and insurer, Lemaire joined the State of Louisiana through the Department of Transportation as a defendant alleging the area where the accident occurred was defectively designed, signed and/or maintained by it. The State answered the suit denying any fault in causing the accident; and, further, it filed a third-party demand against the driver’s estate and insurer, Imperial Fire and Casualty Insurance Company. Subsequently, the parties all signed and filed a Motion and Order for Partial Dismissal of the Estate of Robert Harrington, Jr. and Imperial Fire and Casualty Insurance Company. The motion-recited in pertinent part:
1.
Counsel for plaintiff, Walter Le-maire, and counsel for defendant/third party plaintiff, State of Louisiana, have *371 received an Affidavit from Robert Harrington, Sr. regarding the financial status of | j>the Estate of Robert Harrington, Jr.
2.
Relying on the Affidavit of Robert Harrington, Sr., plaintiff, Walter Le-maire, and defendant/third party plaintiff, State of Louisiana, desire that plaintiffs petition and the third party demand of the State of Louisiana against the Estate of Robert Harrington, Jr., as well as any other incidental demands, be dismissed, with prejudice.
3.
Imperial Fire and Casualty Insurance Company has filed -with the registry of the Court the remainder of the available sums on the policy of insurance issued by Imperial Fire and Casualty Insurance Company to Robert Harrington, Jr., specifically, the amount of $6,800.00 plus interest, totaling $7,440.04.
4.
It is agreed by all parties that the sum of $7,440.04 currently deposited in the registry of the Court in the captioned matter, be turned over to plaintiffs counsel, Gordon Sandoz, and that plaintiffs petition, the third party demand of the State of Louisiana and any other incidental demands against Imperial Fire and Casualty Insurance Company be dismissed with prejudice.
* * *
7.
Plaintiff reserves his rights against all other parties, both named and unnamed. The' trial judge signed the attached order on September 14, 1994 which stated in material part: “IT IS ORDERED, ADJUDGED AND DECREED that the plaintiffs petition, the third-party demand of the State of Louisiana, and any other incidental demands against Imperial Fire and Casualty Insurance Company and the Estate of Robert Harrington, Jr. be and they are hereby dismissed with prejudice.” Only the State remained as a defendant in the suit when the matter was finally tried. The trial judge rendered judgment assigning 20% fault to the State for causing the accident and apportioning the 80% balance to Harrington’s estate. The State appealed the judgment which we affirmed; and the Supreme Court later denied the State’s ’ application for supervisory writs. Lemaire v. Estate of Harrington, 97-256 (La. App. 3 Cir. 10/8/97); 701 So.2d 484, writ denied 98-0011 (La.2/20/98); 709 So.2d 785. The State then paid Lemaire $848,-145.82, representing 20% of the judgment’s value plus interest on that portion. Le-maire executed a partial satisfaction of judgment and ^restricted release specifically reserving the right to dispute judicially whether the State of Louisiana was obligated to pay him an additional 30% of the judgment amount for a total recovery against it of 50%. The State then filed a Petition for Declaratory Judgment contending it satisfied its obligation to pay Lemaire by tendering 20% of the judgment amount plus interest and seeking full cancellation of the mortgage recorded in the Vermilion Parish Clerk of Court office against it. Lemaire responded by filing exceptions of no cause of action, res judica-ta and a motion to dismiss. The trial court denied the exceptions and assigned the matter for hearing. The trial court subsequently held the State must pay 50% of the judgment amount, concluding: “Under the circumstances ... the state, by perfecting and later dismissing its claims against Harrington’s Estate without any reservation, has waived its claim to limit its exposure.... ”
The parties agree La.Civil Code article 2324(B), at the time of this 1991 accident, provided the liability for two or more joint tortfeasors whose acts are deemed negligent, as opposed to intentional, “shall be *372 solidary, only to the extent necessary for the person suffering injury ... to recover fifty percent of his recoverable damages .... ” The State concedes ordinarily it would have to pay Lemaire 50% of the judgment amount, but argues in this instance the extent of its liability was reduced when Lemaire settled with Harrington’s estate and Imperial.
ANALYSIS
A solidary obligor who is held responsible for a judgment amount greater than his fault percentage has the right to file a third party action against any co-obligor. La.Civ.Code art. 1805. “Among solidary obligors, each is liable for his virile portion.” La.Civ.Code art. 1804. However, when a plaintiff decides to settle with and release a solidary obligor, the remaining solidary obligors are deprived of their right to seek contribution from the soli-dary obligor who has been released. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3 Cir.1964). La.Civ. Code art. 1803, thus, provides a remedy for a solidary obligor who may be disadvantaged by such settlements. In these instances, “the solidary obligor who has not settled with the obligee is entitled to have the obligee’s recovery reduced by the amount of the released obligor’s portion of fault or liability.” Mott v. Brister’s Thunder Karts, Inc. 95-410 (La.App. 3 Cir. 10/4/95); 663 So.2d 233, 235. Relying on this rule of law, the State argues it was disadvantaged when Lemaire settled with Harrington’s estate and Imperial because its right to seek contribution from them no longer exists. As a consequence, the State maintains it is entitled to offset Harrington’s 80% fault percentage against its obligation to pay 50% of the judgment amount. When this is done, the State asserts it has paid the 20% balance; and that is all Le-maire is due from it. Countering, the plaintiff maintains the State is not entitled to the remedy it seeks because the State filed a third party action and signed the settlement. As such, it was not disadvantaged by any acts of plaintiff but by its own failure to reserve its right to seek contribution from the co-obligor. Responding, the State maintains “at most, [it] signed off on a fete accomplis; ” and its “participation in the agreement had no effect whatsoever.” The State argues it could not have stopped Lemaire from settling with the co-obligor and its third party claim most assuredly would have been dismissed in any event.
It is well settled that a compromise is res judicata as between the parties and entitled to the same effect as a judgment. The State acknowledges it participated in the agreement. The court in Schouest v. Franke, 526 So.2d 1342, 1345 (La.App. 5 Cir.), writ denied, 531 So.2d 473 (La.1988), noted “[i]t’s a rudimentary proposition of law that an obligation is merged with the judgment of which it is a legal predicate, so that the obligation no longer has a distinct, separate, or self-subsistent existence.” In Salling Wiping Cloth Co.,Inc. v. Sewell, Inc., 419 So.2d 112, 117 (La.App. 2 Cir. 1982), the court stated:
Since a compromise has the effect of a judgment, it causes the merger of the antecedent obligation or claim upon which it is based with, itself, leaving the antecedent obligation with no separate or distinct existence. Thus a valid compromise, by operation of the doctrine of judgment and merger, functionally and theoretically nullifies the antecedent obligation which it compromises, so that the antecedent obligation may no longer exist to provide a self-subsistent cause of action.
Thus, the First Circuit held: “Once an obligation is reduced to judgment, it is merged with the judgment and no longer exists as a distinct obligation or a litigious right.” Glazer Steel Corp. v. Larose Shipyard, Inc., 372 So.2d 250, 251(La.App. 1 Cir.1979).
The State is prevented from claiming, in this instance, its signature and participation in the agreement had no effect. The State had a right to demand contribu *373 tion from Harrington’s estate and Imperial; and, it sought to exercise this right by filing the third-party demand. When the State signed the compromise, its right to demand contribution from the co-obligor was therein merged. The right did not survive “as a distinct obligation, but it is deemed as having acquired the status of the thing adjudged.” Agricultural Enterprises, Inc. v. Morgan, 140 So.2d 40,41 (La.App. 2 Cir.1962). It cannot be revived and used as a antecedent basis for the State’s claim that it is entitled to a virile reduction in this case. That right died at the moment the State executed the compromise which was later reduced to a judgment. The trial judge, thus, did not err in ordering the State to pay 50% of the judgment amount.
MOTION TO INTERVENE
Lemaire retained Mr. Gordon P. Sandoz, an attorney, to litigate his claim against the State. Mr. Sandoz appeared as trial counsel and answered the present appeal lodged by the State. We gather that Mr. Sandoz has been discharged as Lemaire’s legal representative. When the case was orally argued before us, Mr. Der-riel McCorvey appeared as counsel for Mr. Lemaire. On October 18, 1999, Mr. J^Sandoz filed a MOTION TO FILE PETITION OF INTERVENTION with this court asking that “he be permitted to intervene in this matter for the forty percent contingency fee due on any and all sums which the State of Louisiana may hereafter pay in settlement of the claims by Walter Lemaire.” Mr. Sandoz states that he “has been paid a forty-percent(40%) contingency fee on the amounts paid by the State,” thus far. Apparently he seeks to preserve his alleged contingency fee interest in the additional 30% judgment amount the State ultimately may be compelled to pay. However, Mr. Sandoz must file his motion to intervene with the trial court first. Accordingly, we remand the motion for hearing and disposition by the lower court.
DECREE
For the foregoing reasons, the trial court’s judgment is affirmed. All costs of this appeal are assessed against the State of Louisiana. The Motion to intervene filed by Mr. Gordon Sandoz is hereby remanded to the district court for hearing and disposition.
JUDGMENT AFFIRMED; MOTION REMANDED.