663 So.2d 233 (1995)
Vince Anthony MOTT and Marcia Jean Hoover Gorum Mott, Individually and as Natural Tutrix/Under Tutor for Kesha Lynn Gorum, Amber Nicole Gorum, David Arthur Mott and Jeremy Keith Mott, Plaintiffs-Appellees,
v.
BRISTER'S THUNDER KARTS, INC., et al., Defendant-Appellant.
No. 95-410.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
*234 Alvin Bardine King, Robert E. Morgan, Lake Charles, for Vince Anthony Mott et al.
Richard A. Schwartz, Amite, for Brister's Thunder Karts, Inc. et al.
William M. Nolen, Lake Charles, for All American Inc., etc.
James Anthony Blanco, Lake Charles, for Mr. & Mrs. Sutherland & State Farm Fire.
Christopher M. Trahan, Lake Charles, for Association Life Ins. Co.
Before SAUNDERS and SULLIVAN, JJ., and KNIGHT[1], Pro. Tem.
WILLIAM N. KNIGHT, Judge Pro Tem.
The issues on appeal are whether the trial court erred in granting summary judgment in favor of the third party defendants and whether the third party defendants are entitled to damages for a frivolous appeal.

FACTS
John and Sherri Sutherland were the owners of a go-cart manufactured by Brister's Thunder Karts, Inc., and purchased from All-American, Inc., d/b/a All American True Value Hardware. On February 14, 1991, Sutherland's minor children, Krystal and Jason, invited Amber and Kesha Gorum to ride the go-cart. Amber and Kesha were injured while riding the go-cart.
Subsequent to this accident, the Sutherlands and their insurer, State Farm Fire & Casualty Company, entered into a settlement agreement with Marcia Jean Hover Gorum Mott, individually, and as legal tutrix of Amber and Kesha, and Vincent Anthony Mott, individually, and as under tutor of these minor children. This settlement agreement released *235 the Sutherlands and State Farm from any further liability; however, the Motts reserved their rights against Brister's and All-American.
As such, Marcia and Vincent Mott, individually, and as legal tutors of Amber and Kesha, filed suit against Brister's, All-American, and its insurer, Hartford Casualty Insurance Company on February 12, 1992. In response to this lawsuit, Brister's and All-American filed third party demands against the Sutherlands and State Farm for contribution and/or indemnification, alleging that the Sutherlands were negligent in allowing the go-cart to go out unsupervised, not providing a helmet for the riders, and not giving Amber instructions on how to operate the go-cart. Brister's and All-American also alleged that the Sutherlands were strictly liable under Articles 2317 and 2318 for the negligence of their minor children. The Sutherlands and State Farm then filed two motions for summary judgment asserting that their release, as solidary obligors, in the settlement agreement precluded Brister's and All-American from proceeding with their third party demands. After a hearing, the trial court granted both motions of summary judgment in favor of the Sutherlands and State Farm.
Brister's appeals from that judgment. The Sutherlands and State Farm answered the appeal and request damages for a frivolous appeal.

LAW

SUMMARY JUDGMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment was appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966.
The issue here is whether the Motts' settlement with and release of the Sutherlands and State Farm precludes Brister's from seeking contribution or indemnity from the Sutherlands.
La.Civ.Code art. 1803 sets forth a remedy for a solidary obligor who may be disadvantaged as a result of an obligee's decision to settle with another solidary obligor. La.Civ.Code art. 1803 provides, in pertinent part, that:
Remission of debt by the obligee in favor of one obligor, or a transaction and compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
According to this article, the solidary obligor who has not settled with the obligee is entitled to have the obligee's recovery reduced by the amount of the released obligor's portion of fault or liability. La.Civ.Code art. 1803, Comment (b). When an obligee settles with and releases a solidary obligor, the remaining solidary obligors are deprived of their right to contribution against the solidary obligor who has been released. Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3 Cir.1964).
Pursuant to article 1803, any right that Brister's may have had against the Sutherlands and State Farm in contribution was lost as a result of the Motts' release of the Sutherlands and State Farm. Since Brister's no longer had a right to contribution from the Sutherlands and State Farm, the third party claim for contribution filed by Brister's was without merit. Notwithstanding, Brister's argues that this will prevent it from presenting to the trier of fact a legal cause of action against the Sutherlands and State Farm. However, Article 1803 provides Brister's with an equitable remedy. Under the terms of this article, Brister's is entitled to have the trial court determine the Sutherlands' percentage of fault, if any, in causing the accident, and then is entitled to have the amount of the Motts' award reduced by the percentage of fault assessed to the Sutherlands, the released obligors. Therefore, we find that this argument is without merit.
*236 One who has been held vicariously or passively liable for the tort of another is due indemnity from the culpable tortfeasor. Shuff v. Southern Silica of Louisiana, 626 So.2d 541 (La.App. 3 Cir.1993). One who is himself at fault, however, is not due indemnity because liability for indemnity exists only when the party seeking indemnity, the indemnitee, is free of fault and has discharged a debt that should be paid in wholly by the indemnitor. Id.
In the case sub judice, it is impossible that Brister's will be found "constructively at fault" for any possible tort that may have been committed by the Sutherlands. If the jury decides that the sole cause of the accident was the fault of the Sutherlands, Brister's will not be liable. Further, Brister's can only be liable to the Motts if the go-cart was unreasonably dangerous because of its construction, design, lack of an adequate warning, or if it does not conform to an express warranty. La.R.S. 9:2800.54. However, this possible fault would be directly attributable to Brister's, as the manufacturer, and not to the Sutherlands, as the purchasers. Therefore, we find that this argument is also without merit.
Thus, we conclude that the trial court did not err in granting summary judgment in favor of the Sutherlands and State Farm.

THE SUTHERLANDS' AND STATE FARM'S REQUEST FOR DAMAGES
Damages for a frivolous appeal are warranted when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that the appellant's counsel does not seriously believe in the position he advocates. La. Code Civ.P. art. 2164. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. Hampton v. Greenfield, 618 So.2d 859 (La. 1993). Brister's arguments regarding its claim for contribution are clearly contrary to the well established rule in Harvey, supra, which has been the law for thirty-one years, and as previously stated, it is impossible that Brister's would be "constructively at fault" for any possible tort that may have been committed by the Sutherlands. As such, Brister's has failed to present to this court any serious legal question. Therefore, after reviewing the record and the appellant's brief and argument, we conclude that the appeal filed herein is unquestionably frivolous. Accordingly, we award $2,500.00 in damages under La.Code Civ.P. art. 2164. See G.B.M., Inc. v. Juna Corporation, 611 So.2d 825 (La. App. 3 Cir.1992).

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Further, it is ordered, adjudged, and decreed that the appellees be awarded $2,500.00 in damages. Costs of this appeal are assessed against Brister's Thunder Karts, Inc.
AFFIRMED.
NOTES
[1] Judge William N. Knight of the Thirty-first Judicial District participated in this decision as judge Pro Tempore by appointment of the Louisiana Supreme Court.