702 So.2d 333 (1997)
Billy Ray SANDERS, Plaintiff-Appellee,
v.
Romaldo GARCIA, et al., Defendants-Appellants.
No. 29473-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1997.
Rehearing Denied December 4, 1997.
McLure, Pickels & Reichman by John C. Pickels, Alexandria, for Defendants-Appellants.
*334 Daye, Bowie & Beresko by David P. Daye, Shreveport, for Plaintiff-Appellee.
Before HIGHTOWER, BROWN, WILLIAMS, GASKINS and CARAWAY, JJ.
BROWN, Judge.
On questions of coverage and liability, the trial court granted plaintiff's motion for summary judgment. Defendants appealed. Plaintiff answered, urging that the appeal was frivolous.
We affirm.

FACTS AND PROCEDURAL HISTORY
At approximately 7:00 p.m. on June 11, 1994, while traveling along Sartor Road toward Gilliam in Caddo Parish, defendant, Romaldo Garcia, who was driving a farm tractor pulling a chemical sprayer, stopped because police cars and other vehicles blocked the way. Garcia worked for defendant, Caddo Agricultural Center, Inc., and was returning from the fields to the shop.
A 1991 Nissan pickup truck driven by Linda Payton stopped behind the sprayer unit; Shirley Sanders rode in the cab of the truck; their husbands and Payton's minor son were in the bed of the truck. Deciding to pull off the roadway and go around the congestion, Garcia backed up his machine. Garcia claimed that the sprayer unit he was pulling blocked his view of the truck. Garcia, who did not know that he had struck the pick-up truck, continued to roll over and push the truck backwards. Either because she was ejected or attempting to escape, Mrs. Sanders left the cab, was knocked to the ground, crushed by the tractor wheels and killed.
Acting individually and on behalf of his minor children, the decedent's husband filed a survival and wrongful death suit against Garcia, Caddo Ag, and its insurer. Following defendants' general denial, and after settlements resolved all claims of the children, Sanders personally moved for summary judgment on several issues. Specifically, he requested that the trial court: (1) find Caddo Ag vicariously liable for the actions of its employee, Garcia; (2) decree Garcia solely at fault for the accident; (3) determine the accident to be the sole and proximate cause of Shirley Sanders's death and the corresponding damages; (4) find that the insurance policy provided coverage for the incident; and (5) hold the plaintiff husband entitled, as a matter of fact and law, to the full amount of survival damages and specific wrongful death damages. The trial court ruled in favor of movant on the first four issues but denied the motion with respect to the final aspect, damages. This appeal ensued.

DISCUSSION

Summary Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La. 1991); Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.07/05/94), 639 So.2d 730.
Summary judgments are governed by La. C.C.P. art. 966, which was amended in both the 1996 and 1997 legislative sessions. See Acts 1996, No. 9 of the First Extraordinary Session of 1996 and Acts 1997, No. 483. The effect of these amendments is to establish that summary judgment is now favored. The article presently reads as follow:
A. (1) The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
(2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the *335 hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
D. The court shall hear and render judgment on the motion for summary judgment within a reasonable time, but in any event judgment on the motion shall be rendered at least ten days prior to trial.
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
The amended versions of the article are procedural in nature; therefore, they are subject to retroactive application. Curtis v. Curtis, 28,698 (La.App.2d Cir. 09/25/96), 680 So.2d 1327; NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La. App.2d Cir. 08/21/96), 679 So.2d 477; Short v. Giffin, 96-0361 (La.App. 4th Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La.03/07/97), 689 So.2d 1372.
In opposing a properly supported motion for summary judgment, one cannot rest on the mere allegations or denials of his pleadings, but must present factual support that he will be able to satisfy his evidentiary burden of proof at trial. If not, there is no genuine issue of material fact.

Vicarious Liability and Insurance Coverage
Despite not challenging the trial court's ultimate determinations regarding respondeat superior and insurance coverage, appellants maintain that these questions cannot appropriately be resolved through summary judgment. That procedural vehicle, however, is now and was then specifically authorized. La. C.C.P. art. 966(E). Further, defendants concede that Garcia had been acting within his employment at Caddo Ag at the time of the accident. Hence, there is no real dispute on these two issues and they were ripe for summary judgment.

Liability and Causation
Summary judgment may be rendered on the issue of liability alone although there is a genuine dispute as to the amount of damage. La. C.C.P. art. 966(E). By initiating the backward movement of his machine before ascertaining that a clear path existed, Garcia's actions certainly constitute negligence. See La. R.S. 32:103; 32:281.
Comparative fault is a defense which must be affirmatively asserted. La. C.C.P. art. 1005. In this case it was neither pled nor argued. Before this court, defense counsel has argued simply that no one was at fault, including Garcia. Defendants/appellants have specifically declined to plead or assert contributory negligence or comparative fault as a defense to this action.
When a properly supported motion for summary judgment has been made, the nonmoving party must go beyond the pleadings and by affidavits, depositions, answers to interrogatories or admissions designate specific facts showing that there is a genuine issue for trial. To satisfy this burden the nonmoving party is required to identify specific evidence in the record and articulate the precise manner in which the evidence supports its *336 opposition to the summary judgment motion. The court has no duty to sift through the record in search of evidence to support an opposition to the motion. La. C.C.P. art. 967; NAB, supra. In its opposition to the motion and on appeal, defendants did not plead victim fault or fault by the driver of the truck and identified no evidence concerning comparative negligence. Instead, they articulated a no-fault scenario.
In this case, the pick-up truck stopped and waited behind the tractor and its spraying rig. No one darted out of the shadows. Without question, Garcia was at fault. Summary judgment was appropriate.

Frivolous Appeal
Because of the reasons stated in the dissenting opinion, this appeal is not considered frivolous.[1]

CONCLUSION
For the reasons set forth, the trial court's judgment is AFFIRMED at appellants' cost.
HIGHTOWER, J., dissents and assigns written reasons.
CARAWAY, J., dissents for the reasons assigned by HIGHTOWER, J.
HIGHTOWER, Judge, dissenting.
Although agreeing with the majority that summary judgment has been properly granted regarding questions of vicarious liability and insurance coverage, I cannot concur in the use of that procedural vehicle to resolve the issues of liability and causation under the circumstances of this case.
In initiating the backward movement of his machine before ascertaining that a clear path existed, Garcia's actions certainly constitute negligence. See La. R.S. 32:103; 32:281. In that conclusion, I again agree with the majority. The totality of the circumstances surrounding this incident, however, suggest that negligence on the part of either Payton or the decedent may also have contributed to the accident or its consequences. Even in the face of the defense attorney's seeming concessions during oral argument, questions remain regarding whether Payton could have avoided the accident if her attention had been focused on the roadway in front of her. Moreover, the facts concerning how and why the decedent exited the cab of the truck are, at best, unclear. Beyond that, the record presently fails to portray several material elements: the speed and size of the tractor; the force of the collision and the distance traveled after impact; the reaction to the impending collision by the passengers riding in the bed of the truck; the location of tire marks, if any; etc.
The majority views any evidence regarding third-party fault as inadmissible in that appellants failed to assert the affirmative defense of comparative negligence in their original answer. Of course, it is required by La. C.C.P. art. 1005 that the answer set forth defenses such as contributory negligence, and evidence on the matter will be inadmissible where the defendant fails to plead that affirmative defense. See Kobuszewski v. Scriber, 518 So.2d 524 (La.App. 2d Cir.1987).
Even so, the general purpose of that pleading requirement is to give the plaintiff fair notice of the nature of the defense and to prevent surprise. Kobuszewski, supra; Sider v. Robin Temporary Service, 515 So.2d 1123 (La.App. 5th Cir.1987), writ denied, 519 So.2d 146 (La.1988). What is more, issues not raised by the pleadings may be tried by the implied consent of the parties. La. C.C.P. art. 1154; EMW v. JPM, 583 So.2d 511 (La.App. 2d Cir.1991). When the plaintiff fails to object to evidence that bears upon an affirmative defense, his consent is implied and the answer is considered enlarged to *337 include the affirmative defense. Kobuszewski, supra; see also EMW, supra.
Here Sanders not only failed to object to evidence showing the possibility of third party contributory negligence, but even adduced such facts himself through the various depositions and affidavits offered in support of his summary judgment motion. Furthermore, in their memorandum opposing the motion, defendants directly advanced this issue. Thus, with respect to contributory or comparative negligence, plaintiff can scarcely contend that he has been confronted with "trial by ambush." Finally too, I would note that defendants' answer denies that "[t]he sole fault of the accident ... was that of ROMALDO GARCIA," and disagrees that "SHIRLEY FAYE SANDERS ... [was] in [no] way at fault in causing the accident." Considering the mandate of La. C.C.P. art. 865 that every pleading be construed so as to do substantial justice, the legal conclusions within the answer suffice to proffer the affirmative defense. See La. C.C.P. art. 1154, Official Revision Comment (c).
Thus, genuine issues of material fact exist regarding defendants' degree of culpability, as well as their responsibility for Shirley Sanders's death. Accordingly, the matter should be remanded to the trial court for determination of the liability and causation questions, together with the various damage claims.
I respectfully dissent.

APPLICATION FOR REHEARING
Before HIGHTOWER, BROWN, WILLIAMS, GASKINS and CARAWAY, JJ.
Rehearing denied.
NOTES
[1] The writer and Judge Williams dissent from this part of the appeal. There is no serious legal question of coverage or liability. Appellants' argument that summary judgment procedure is not applicable is clearly contrary to the statutes and settled law and they have failed to point out any material facts to support their claim that Garcia was free of fault. The dissent provides affirmative defenses not pled or argued and sifts through the record to speculate that the driver of the truck might have been negligent and that the decedent could have been at fault for leaving the pick-up truck. Accordingly, under C.C.P. art. 2164, we would award damages for a frivolous appeal. Mott v. Brister's Thunder Karts, Inc., 95-410 (La.App. 3d Cir. 10/04/95), 663 So.2d 233.