708 So.2d 502 (1998)
James H. HAMMONS, Plaintiff-Appellant,
v.
CITY OF TALLULAH, et al, Defendants-Appellees.
No. 30256-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1998.
Writ Denied May 8, 1998.
H.P. Rowley, III, Covington, for Plaintiff-Appellant.
Theus, Grisham, Davis & Leigh, LLP by F. Williams Sartor, Jr., Monroe, for Defendants-Appellees.
*503 Before NORRIS, BROWN and PEATROSS, JJ.
PEATROSS, Judge.
In this action brought pursuant to 42 U.S.C. Sec.1983 for deprivation of federal constitutional and statutory rights, James Hammons appeals the trial court judgment sustaining defendants' exceptions of no cause of action and prescription and granting defendants' motion for summary judgment. For the reasons set forth in this opinion, we affirm.

FACTS
This action for deprivation of constitutional and statutory rights arises within the context of an action for personal injuries received by James Hammons ("Plaintiff"). On June 8, 1988, Plaintiff tripped and fell over a steel guy wire anchor that was hanging over a broken sidewalk in front of a half-way house for recovering alcoholics in Tallulah. At the time of the fall, Plaintiff was residing as a patient at the half-way house, which was operated by Delta Recovery Center ("DRC").
In April 1989, Hammons filed suit to recover for injuries sustained in the fall, naming as defendants the City of Tallulah and Louisiana Power and Light. Plaintiff subsequently filed an amended and supplemental petition naming DRC, its parent company Delta Community Action Association ("DCAA"), and others as defendants in his original cause of action.
On November 10, 1995, with leave of court, Plaintiff filed a "Second Supplemental Petition" alleging that DCAA and DRC ("Defendants"), under color of law, had violated his rights protected by the U.S. Constitution or federal statutes. The District Court severed the trip-and-fall claim from the federal claims.
From October 29, 1996, to November 1, 1996, the trip-and-fall case was tried before a judge and jury in Tallulah. The trial judge granted the lessors' motion for a directed verdict at the close of Plaintiff's case. The jury found in favor of DCAA and DRC. The trial judge found in favor of the City of Tallulah on the issue of its liability for the public sidewalk.
On appeal, in Hammons v. City of Tallulah, 30,091 (La.App.2d Cir. (12/10/97)), 705 So.2d 276, this court affirmed the finding of no liability on the part of DRC and affirmed the dismissal of the claim against the owners/lessors of the property. This court, however, reversed the ruling which found the City of Tallulah free from fault and rendered judgment in favor of Plaintiff.
In his federal claims, Plaintiff sought to recover under 42 U.S.C. Sec.1983, alleging three separate violations of his federal constitutional and statutory rights: (1) that DCAA had wrongfully seized and converted his food stamps; (2) that DCAA had withheld his patient records; and (3) that DCAA had failed to protect his person at the half-way house. Defendants raised exceptions of no cause of action and prescription and moved for summary judgment. A hearing on the exceptions and motion was held on April 2, 1997. Plaintiff's attorney did not appear, electing to waive his appearance.
The trial court sustained the exception of no cause of action as to all claims and granted Defendants' motion for summary judgment on all claims. The trial court also sustained Defendants' exception of prescription as to the confiscation of food stamps issue. Plaintiff appeals the sustaining of the exceptions of no cause of action and prescription and the granting of summary judgment.

DISCUSSION
Plaintiff argues that the trial court erred in sustaining the exceptions of no cause of action and prescription and in granting summary judgment on his claims. We first address Plaintiff's assertion that the trial court erred in sustaining Defendants' exception of prescription on his claim for the alleged wrongful seizure and conversion of his food stamps.
Exception of Prescription: Wrongful Seizure and Conversion of Food Stamps
Plaintiff alleges that DCAA intentionally deprived him of his property interest in food stamps issued to him by the United States Department of Agriculture ("USDA"). The deprivation, Plaintiff argues, was in violation *504 of the 14th Amendment of the U.S. Constitution.
Delictual actions are subject to a one year prescriptive period. La. C.C. art. 3492. An action or defense asserted in an amended petition or answer relates back to the date of the filing of the original pleading when it arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. La. C.C.P. art. 1153.
The trial judge, in his written reasons for judgment, found the action for the alleged wrongful seizure and conversion of food stamps to have prescribed. We agree.
The alleged conversion of food stamps occurred during Plaintiff's residency at the half-way house in 1988. The supplemental petition alleging the wrongful seizure and conversion of the food stamps was not filed until November 1995. Plaintiff's original 1989 petition was a claim for damages arising out of the 1988 trip-and-fall. Plaintiff has not shown that the claim for wrongful conversion of food stamps arose out of the same conduct, transaction or occurrence as the trip-and-fall claim. The trial judge was not incorrect in finding that the action for the conversion of food stamps has prescribed. This argument is without merit.
We next consider Plaintiff's assertion that the trial court erred in granting Defendants' motion for summary judgment on his federal claims for the three alleged violations of his federal constitutional and statutory rights.

Motion for Summary Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Anderson v. Allstate Ins. Co., 29,847 (La.App.2d Cir. 9/24/97), 699 So.2d 1160.
Summary judgments are governed by La. C.C.P. art. 966, which was amended in both the 1996 and 1997 legislative sessions. See Acts 1996, No. 9 of the First Extraordinary Session of 1996 and Acts 1997, No. 483. The effect of these amendments is to establish that summary judgment is now favored. Sanders v. Garcia, 29,473 (La.App.2d Cir. 10/29/97), 1997 WL 674521; Anderson v. Allstate Ins. Co., supra.
The amended versions of the article are procedural in nature; therefore, they are subject to retroactive application. Sanders v. Garcia, supra; Anderson v. Allstate Ins. Co., supra; NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La. App.2d Cir. 8/21/96), 679 So.2d 477.
Plaintiff first argues the trial court erred in granting summary judgment on his claim for the alleged wrongful seizure and conversion of his USDA food stamps. As stated above, the trial court correctly sustained Defendants' exception of prescription on the food stamp claim; therefore, we need not address whether the trial court properly granted Defendants' motion for summary judgment regarding this issue.
Our review, however, shows summary judgment on this claim to be proper. In support of their motion, Defendants attached a copy of the "Halfway House Guidelines," signed by Plaintiff, which stated, in pertinent part:
5. Food Stamps are used by the Halfway House.
A. Any food stamps for which a resident is eligible will be used for food purchases by the DRC Halfway House. (See food stamp policy.)
In his written reasons for judgment, the trial judge found there to be no contested facts on the food stamp issue. He further found that Plaintiff had become eligible for food stamps only after being admitted to the half-way house and that 7 C.F.R. Sec. 274.5 provides that such treatment centers shall receive and spend the food stamp benefits for food prepared by and/or served to those residents of the center who are participating in the food stamp program. The trial judge, therefore, granted Defendants' motion for summary judgment.
We likewise find summary judgment on the issue of the confiscation of food stamps to be proper. Defendants introduced sufficient proof of the absence of support for Plaintiff's *505 claim that DCAA and DRC wrongfully seized and converted his food stamps. Plaintiff failed to produce any factual support to establish that he would be able to satisfy his burden at trial. Plaintiff's argument on this issue is without merit.
Plaintiff next urges that the trial court erred in granting Defendants' motion for summary judgment on his claim that his personal injuries in the 1988 tripping accident were caused by the intentional, reckless and grossly negligent conduct of DCAA. Plaintiff asserts that while he was in the custody and control of DCAA at the half-way house, DCAA deprived him of liberty and property interests protected by the Eighth and Fourteenth Amendments to the U.S. Constitution by intentionally, recklessly and with gross negligence failing to (1) provide a safe half-way house and grounds, (2) detect, protect and warn him of the hazard on and about the premises of the half-way house, and (3) train and supervise its staff to detect, warn and protect him against such hazards.
The issues raised by Plaintiff in this claim are the same as those raised against DCAA and DRC in Plaintiff's trial on the merits of the trip-and-fall. As stated above, at trial, the jury found no negligence on the part of DCAA and DRC and judgment was entered in their favor. This court affirmed that finding in Hammons v. City of Tallulah, 30,091 (La.App.2d Cir. (12/10/97)), 705 So.2d 276.
We find summary judgment properly granted regarding this claim. Any issues of material fact regarding the liability of DCAA and DRC were resolved in their favor at the trial on the merits of the trip-and-fall claim and affirmed by this court on appeal. Defendants are, therefore, entitled to summary judgment. This argument is without merit.
Plaintiff further urges that the trial court erred in granting summary judgment on his claim that DCAA and DRC "deprived him of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution by intentionally and recklessly (1) concealing and withholding his patient records from him for more than 18 months and (2) disclosing his records to the attorneys for USF & G before disclosing them to Plaintiff."
On March 29, 1994, Plaintiff submitted a formal Request for Production for all records of DCAA and DRC "which refer or relate to Plaintiff." On September 27, 1995, Plaintiff again submitted a formal Request for Production, requesting all "patient records which DCAA maintained on Plaintiff for 1988." On or about October 2, 1995, Plaintiff filed a Motion to Compel to obtain a copy of his patient record, among other items. A hearing on the Motion to Compel was scheduled for November 20, 1995. Defendants subsequently discovered Plaintiff's patient records and provided a copy to Plaintiff on or about November 6, 1995.
Defendants stress that Plaintiff's patient records were provided to him as soon as they were located by Defendants, approximately two weeks before the scheduled hearing on the Motion to Compel. Defendants note that adequate state court remedies, including sanctions, were available to Plaintiff if he believed he had been damaged regarding the failure to earlier produce his records. Defendants argue that Plaintiff failed to pursue any state court remedies and now attempts to elevate the claim to constitutional proportions.
We find the trial judge properly granted summary judgment on this issue. The record indicates that Plaintiff received his patient records approximately one year before the related trial on the trip-and-fall and approximately 18 months before the hearing on the federal claims. Plaintiff's mere allegations that his delay in receiving the records deprived him of a right secured by the Constitution or other federal law is insufficient to show that he will be able to satisfy his evidentiary burden of proof at trial. This argument is without merit.

Exception of No Cause of Action
Since we have found summary judgment to have been properly granted on all Plaintiff's claims, we need not address whether the trial court correctly sustained Defendants' exception of no cause of action.

CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment dismissing Plaintiff's *506 claims. Costs of this appeal are to be paid by Plaintiff.
AFFIRMED.