| iPETERS, Judge.
On October 2, 1991, judgment was rendered in favor of James Clint Soileau against Troy Ardoin and Kevin Bourgeois, jointly, severally, and in solido, in the amount of $8,165.17- together with legal interest and costs of court. The judgment was awarded because of an intentional battery committed upon Soileau by Ardoin and Bourgeois. The trial court found that Ardoin was eighty percent at fault and Bourgeois was twenty percent at fault in causing Soileau’s injuries. The judgment was ultimately reduced to writing and signed by the trial court on August 21,1992.
On April 15,1993, Soileau executed a document entitled “PARTIAL RELEASE OF JUDGMENT,” wherein he released Ardoin from the judgment signed on August 21, 1992, in exchange for payment by Ardoin of the sum of $4,929.65, representing approximately one-half payment of the principle and interest on the damage award, and |2$1,325.53, representing one-half of the costs of court. In the partial release, Soileau authorized the Clerk of Court for the Parish of Evangeline to cancel the general mortgage in his favor and against Ardoin, resulting from the judgment of August 21,1992, reserving “any and all rights he has against the solidary obligor, KEVIN BOURGEOIS.”
On July 1, 1994, Bourgeois filed a Rule to Show Cause why the judgment against him should not be canceled. In his rule, Bourgeois claimed that he had paid his share of the judgment. A hearing on this rule was held on September 7, 1994, wherein Soileau acknowledged that he had released Ardoin for the payments previously mentioned and that Bourgeois had paid him a total of $2,500.00. At the hearing,' the trial court concluded that Bourgeois owed the balance on the judgment.
On July 25, 1996, Bourgeois filed a second Rule to Show Cause, asserting that because of Soileau’s compromise agreement with Ar-doin, he was. no longer obligated for the entire judgment and was obligated for only his twenty percept fault. Bourgeois alleged that he had paid $2,500.00 on his obligation and that the balance should be set at $674.58, although Soileau had given him a payoff figure of $7,256.46. On August 14,1996, Judge Preston N. Aucoin, who had been the presiding judge in the prior rule to show cause, recused himself and transferred the case to the other division of the Thirteenth Judicial District, which was presided oyer by Judge A. Gaynor Soileau.
By letter to the attorneys dated August 26, 1996, Judge Soileau stated:
This Court finds that the identical matter was previously heard in Division A by Judge Aucoin. The note of evidence from that rule reveals Judge Aucoin heard the evidence and orally rendered judgment thereon and all that remains is a judgment to be signed by Judge Aucoin. While Judge Aucoin recused himself, this deci *1388 sion was rendered prior to his recusal. I have spoken with Judge Aucoin and he will sign a judgment according to the written reasons.
Inasmuch as this is so, the Court feels it would be improper for this Court to reconsider a decision previously made by a fellow Judge in | «another division, therefore, please submit a judgment to Judge Aucoin.
This letter was followed by a letter dated August 30, 1996, from Bourgeois’s attorney, which stated:
I received a letter from Judge Soileau which indicates that he will not reconsider your original ruling in this matter. I would like you to reconsider it for the reasons set forth in my Memorandum, a copy of which is attached for your review. My client’s counsel at the original hearing failed to call your attention to Civil Code Article 1803, and as a result the ruling is contrary to that article.
I respectfully request that you grant me a rehearing prior to signing a Judgment in this matter. While I believe that a Judgment which fails to give credit as required by Article 1803 will be reversed on appeal, I feel all parties and the interest of justice will be best served by granting this new trial and allowing us the opportunity to argue that Article 1803 was not considered at the first hearing and that, properly considered, a different ruling is more appropriate in this case.
On that same day, Bourgeois filed a Motion for New Trial, urging the same argument as urged in the letter of August 30,1996. That Motion for New Trial was denied by Judge Soileau, without hearing.
Despite having recused himself, Judge Au-eoin conducted another hearing on October 15,1996, wherein the issue was the form of a judgment associated with the hearing in September of 1994. At that hearing, Judge Au-coin rejected Bourgeois’s suggested judgment and stated that he would execute one supplied by Soileau. The effect of this judgment was to find that Bourgeois was still liable for the remaining balance on the judgment signed on August 21,1992.
On October 24, 1996, Bourgeois filed a Notice of Intent to Apply for Supervisory Writs, but the third circuit denied the writ. On April 18,1997, the supreme court granted the writ, vacating the trial court’s judgment and remanding the matter to the trial court for a hearing before Judge Soileau on Bourgeois’s Rule to Show Cause. In response to that order, Judge Soileau held a hearing on May 14, 1997, wherein he ruled that Bourgeois owed the entire balance on the judgment. Pursuant |4to Bourgeois’s request for written reasons for judgment, Judge Soileau filed the following Reasons for Judgment:
The Court in its original decision in this matter rendered judgment on August 21, 1992, holding Troy Ardoin and Kevin Bourgeois liable in solido for committing an intentional battery upon James Clint Soileau. The Court held Troy Ardoin to be 80% at fault and Kevin Bourgeois to be 20% at fault. Troy Ardoin settled his claim with J.C. Soileau.
The question presented to the Court is whether the remaining defendant, Kevin Bourgeois, is responsible to plaintiff for 20% or % of the total judgment. The Court finds the defendant, Kevin Bourgeois, to be responsible for one-half of the obligation. This decision is based upon La. C.CArt. 2324 paragraph A.
These reasons for judgment were filed on June 24,1997, and a judgment was signed by the trial court on August 13,1997. It is this judgment that Bourgeois appeals. Despite the long and convoluted procedural history of this litigation, the sole issue before this court involves the effect on Bourgeois’s liability of the Partial Release of Judgment by Soileau in favor of Ardoin dated April 15,1993.
OPINION
As we appreciate its statements at the hearing on the matter, the trial court found that since Bourgeois and Ardoin were soli-darily hable as intentional tortfeasors under La.Civ.Code art. 2324(A), rather than as negligent tortfeasors, and were therefore each hable for the whole performance of the obligation, the remission of the debt in favor of Ardoin released Bourgeois to the extent of the portion paid by Ardoin in settlement, rather than to the extent of the fault attributed to Ardoin.
La.Civ.Code art. 2324(A) provides that “[h]e who conspires with another person to *1389 commit an intentional or -willful act is answerable, in solido, with that person, for the damage caused by such act.” Additionally, La.Civ.Code art. 1803 provides in part that the “Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one ob-ligor, benefits the other solidary obligors |r>in the amount of the portion of that obligor.”
Nothing in La.Civ.Code art. 1803 makes a distinction between solidary liability arising out of an intentional tort and solidary liability arising out of a negligent tort. Indeed, solidary liability may arise from a variety of sources, and La.Civ.Code art. 1797 provides that an obligation may be solidary even if it derives from a different source for each obligor. The coextensiveness of the obligations for the same debt, not the source of liability, determines the solidarity of the obligation. Osborne v. Ladner, 96-0863 (La.App. 1 Cir. 2/14/97); 691 So.2d 1245. Clearly, by the express provision in La.Civ.Code art. 2324(A), tortfeasors who conspire to commit an intentional tort are solidarily liable. However, it appears that Acts 1996, 1st Ex.Sess., No. 3, § 1, effective April 16, 1996, amended La.Civ.Code art. 2324(B) to do away with solidary liability among negligent tortfeasors. Therefore, it would appear that La.Civ.Code art. 1803 is not even applicable to negligent tortfeasors anymore.
La.Civ.Code art. 1804 provides that among solidary obligors, each is liable for his virile portion and that when the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor. Louisiana courts have long recognized that when a plaintiff settles with and releases one of several joint tortfeasors, he deprives the remaining obligors of the right to contribution against the obligor who was released. Taylor v. United States Fidelity & Guar. Ins. Co., 630 So.2d 237 (La.1993). A plaintiffs settlement with one solidary obli-gor reduces his recovery against the remaining obligors by the percentage of the proportionate fault of the obligor who was released. Id.; Mott v. Brister’s Thunder Karts, Inc., 95-410 (La.App. 3 Cir. 10/4/95); 663 So.2d 233. The amount the plaintiff received in settlement is irrelevant to the calculation of the amount of the reduction. Taylor, 630 So.2d 237.
|6Therefore, it was error to hold that Bourgeois was responsible for the unpaid portion of the debt, or one-half of the debt, rather than for his percentage of the proportionate fault, or twenty percent of the debt. Thus, we amend the judgment to reflect that Bourgeois is liable to Soileau for twenty percent of the amount due under the judgment signed on August 21, 1992, with a credit for amounts Bourgeois has already paid in satisfaction of that judgment.
DISPOSITION
For the foregoing reasons, we amend the August 13, 1997 judgment to reflect that Bourgeois is hable to Soileau for twenty percent of the amount due under the judgment signed on August 21, 1992, with a credit for amounts Bourgeois has already paid in satisfaction of that judgment. We assess costs of this appeal to Soileau.
REVERSED.