799 So.2d 866 (2001)
FARMERS SEAFOOD CO., INC., Plaintiff-Appellant,
v.
PROGRESSIVE SECURITY INS. CO., Defendant-Appellee.
No. 35,285-CA.
Court of Appeal of Louisiana, Second Circuit.
November 16, 2001.
*867 James A. Mijalis, Shreveport, Counsel for Appellant.
Kenneth Mascagni, Shreveport, Counsel for Appellee.
Before NORRIS, BROWN and PEATROSS, JJ.
BROWN, J.
On March 18, 2000, a hailstorm occurred in the Shreveport area. A 1999 Lincoln Town Car owned by Farmers Seafood Co. Inc. was damaged. Farmers Seafood made a timely claim for coverage to its insurer, Progressive Security Insurance Company. Progressive Security paid the cost to repair the vehicle pursuant to an estimate obtained by Farmers Seafood. The insured then demanded an additional $4,000 for diminution in value, which the insurance company declined to pay under the terms of the policy. Farmers Seafood filed the instant suit for this amount plus penalties and attorney fees under La.R.S. 22:658. The matter was submitted by opposing motions for summary judgment. The trial court held that the insurance contract did not cover loss for diminution in value. Farmers Seafood has appealed. Finding no error, however, we affirm.

Discussion
Part III of the commercial automobile policy issued by Progressive Security to Farmers Seafood pertains to comprehensive coverage for damage to the insured's automobile. The relevant provisions under this comprehensive coverage provide:
Coverage DComprehensive
If you pay a specific premium for Comprehensive coverage, as shown in the Declarations, we will pay for loss to your insured auto, less any applicable deductible, caused by means other than are covered under Coverage E-Collision. Any deductible amount shall apply separately to each loss.
Any loss caused by missiles, falling objects, fire, theft, collision with an animal or accidental glass breakage shall be deemed a Comprehensive loss.
Continuing under Part III, the policy expressly limits what the insurer will pay for such a loss:
Limit of Liability
The most we will pay for loss to your insured auto is the least of:
* * *
2. The amount necessary to repair or replace the property with other of like kind and quality reduced by the applicable deductible and subject to any other endorsement or policy provisions.
* * *

*868 If we repair the property, we shall not be responsible for any diminution in value of the property caused by the Loss. [However] If repair or replacement of damaged property increases the overall value of your insured auto, we may deduct this amount from the repair cost. (Emphasis added).
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.07/05/94), 639 So.2d 730; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Sanders v. Garcia, 29,473 (La.App.2d Cir.10/29/97), 702 So.2d 333, writ denied, 98-0007 (La.03/13/98), 712 So.2d 880.
Farmers Seafood contends that the language concerning coverage for "any loss caused by falling objects" is contradicted by the provision limiting coverage for diminution in value and thus creates an ambiguity in the policy that must be construed in favor of coverage. Farmers Seafood further claims that where the measure of damages is the cost to repair, diminution in value may be recovered. They argue that this also creates a conflict and ambiguity in the policy.
The language in the comprehensive coverage section merely classifies the types of hazards causing damage to the insured vehicle as "comprehensive loss." On the other hand, the limit of liability section provides the extent to which the insurer will cover or pay for that class of loss. It clearly states that if the property is repaired, the insurer will not be responsible for any diminution in value. This language is clear and there is no ambiguity.
Generally, insurance companies are free to limit coverage in any manner they so desire. However, an insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Block v. Reliance Insurance Co., 433 So.2d 1040 (La.1983); Oceanonics, Inc. v. Petroleum Distributing Co., 292 So.2d 190 (La.1974); Williams v. U.S. Agencies Casualty Insurance Co., Inc., 33,200 (La.App.2d Cir.05/15/00), 758 So.2d 1010, affirmed, 00-1693 (La.02/21/01), 779 So.2d 729. In this case, the limitation is clear. We do not have to determine the meaning of "repair." If a vehicle is repaired under the comprehensive coverage section, the insurer is not liable for diminution in value. Further, such a limitation is not in conflict with public policy or law.[1]

Conclusion
Accordingly, we affirm the judgment of the trial court granting the motion for summary judgment filed by Progressive Security Insurance Co. and dismissing the claims of Farmers Seafood Co., Inc. Costs *869 are assessed to plaintiff-appellant, Farmers Seafood Co., Inc.
AFFIRMED.
NOTES
[1] Public policy would conflict with such a limitation involving liability, as opposed to comprehensive, coverage vis-a-vis to third parties. Further, the cost of repair in the Liability To Others section of an auto policy has jurisprudentially been found to include diminution in value. Orillac v. Solomon, 33,701 (La.App.2d Cir.08/23/00), 765 So.2d 1185; Smith v. Midland Risk Insurance Co., 29,793 (La.App.2d Cir.09/24/97), 699 So.2d 1192; Davies v. Automotive Casualty Insurance, et al., 26,112 (La.App.2d Cir.12/07/94), 647 So.2d 419. We express no opinion concerning liability for diminution in value on first party claims under the comprehensive section when the policy language does not specifically state that if repaired there is no coverage for diminution in value. However, see Townsend v. State Farm Mutual Automobile Insurance Company, 34,901 (La.App.2d Cir.08/22/01), 793 So.2d 473.