LKOSTELKA, J.
Defendants, Louisiana State University Health Sciences Center Shreveport (“LSUHSC”) and Dr. Anthony Tran (“Dr. Tran”) (collectively “appellants”), appeal from a judgment ordering them to repay $96,137.58 to plaintiff, Holden Business Forms Company, Inc. (“Holden”). For the following reasons, we reverse and remand.
FACTS
Because this case comes before this court on the grant of Holden’s Motion for Summary Judgment, facts are taken primarily from the affidavits submitted in support of that motion. On May 8, 1998, Jimmy Hughes (“Hughes”) was injured in a motorcycle accident in Louisiana. There is very little information about the accident itself in this record. Specifically, there is no affidavit from an individual with personal knowledge of the facts of the accident stating that Hughes was operating the motorcycle when it crashed or estimating the time when the accident occurred.
Hughes was the spouse of an employee of Holden, and, as such, he was covered under Holden’s health insurance plan. Holden is self-insured for health insurance, and its insurance plan is administered by *1104 Assure Care, Inc.[1]
Hughes was transported to LSUHSC after the accident. Some of Hughes’s medical records from LSUHSC, properly certified under La. R.S. 13:3715, are included in this record. One of these records shows the following information:
_]2.. • • •
[D] AY: 1
[DJATE: 05/08/98
[T] IME: 2045
[A] LCOHOL: 212 [MG/DL]
[[Image here]]
FOOTNOTES—
[[Image here]]
ALCOHOL RESULTS FOR DIAGNOSTIC PURPOSES ONLY.
[[Image here]]
A “urine immunassay drug panel” taken at 2052 hours on May 8, 1998 returned a positive result for amphetamines, but this result is not further explained by the records.
Hughes ultimately incurred $72,918.43 in charges at LSUHSC and $23,215.15 in charges with Dr. Tran. Holden, through Assure Care, Inc., paid these charges. According to the affidavit of Rich Agar, CEO of Assure Care, Inc.:
Assurecare, Inc. diligently attempted to secure a copy of the accident report for the Jimmy Hughes accident, but was unable to secure an accident report within sixty days of the claims presented by the various health providers for medical services and treatment provided to Jimmy Hughes. As a result, Assure-care, Inc. paid out on behalf of Holden under the Plan various amounts to various health providers....
[A]fter these claims were made, the Louisiana State Police finally released the accident report for this accident, which clearly showed that Jimmy Hughes was intoxicated at the time of the motorcycle accident which gave rise to his injuries ... The accident report of the motorcycle accident in this case was caused by the action of Jimmy Hughes in driving his motorcycle on a Louisiana highway while intoxicated (in violation of the criminal statutes of the State of Louisiana)....
Holden’s medical benefit plan contains the following exclusion:
This Plan does not cover:
_k- • • •
16. Charges resulting from Illness or Injury caused, or contributed to, by engagement in an illegal occupation or commissions or attempt to commit a misdemeanor and/or felony.
[[Image here]]
Relying on this exclusion, on April 17, 2000, Holden filed suit against LSUHSC and Dr. Tran to recover the sums it paid for Hughes’s care. The appellants answered the lawsuit admitting that they had treated Hughes and received payment therefor but denying Holden’s allegations that Hughes was not covered under the plan and that payment was made through Holden’s mistake and error. On October 5, 2000, Holden added Hughes as a defendant.
Thereafter, Holden filed two motions for summary judgment along with the above-referenced support. LSUHSC and Dr. Tran opposed the motions. In opposition, appellants presented an affidavit from the director of medical records at LSUHSC *1105 stating that the first request for a copy of Hughes’s laboratory test results was made on February 4, 1999 and that Hughes’s insurer made a second request on February 11, 1999. The manager of patient accounts at LSUHSC stated in an affidavit that Hughes was hospitalized at LSU from May 8, 1998 until May 25, 1998, that it billed Assure Care, Inc. on June 9, 1998 and that Assure Care, Inc. paid the bill on July 28, 1998. LSUHSC and Dr. Tran also asserted in their opposition that Hughes had not been convicted of driving under the influence of alcohol.
|4In response, Holden filed a supplemental brief in support of its summary judgment motions. With this supplement, Holden attached another affidavit from the CEO of Assure Care, Inc. stating in part:
[I]n submitting their claims for payment, none of the defendants in this case ever disclosed that Defendant LSU Health Sciences Center had conducted a blood test approjdmately one hour after Jimmy Hughes’ accident which shows a blood alcohol level of 0.212, nor was this information disclosed to Plaintiff until a subpoena was issued to LSU-HSC for the Jimmy Hughes medical records.
The affidavit goes on to say that Assure Care, Inc. first learned of “pending criminal charges” against Hughes in December, 1998.
On May 7, 2001, the court signed a judgment granting summary judgment for Holden. On May 29, 2001, the court signed an amended judgment granting summary judgment and specifically ordering LSUHSC to pay Holden $72,918.43 and ordering Dr. Tran to pay Holden $23,219.15. On that same date, the court granted LSUHSC and Dr. Tran a suspen-sive appeal. On June 8, 2001, LSUHSC and Dr. Tran filed a motion for new trial, and Holden opposed this motion on procedural grounds. On July 9, 2001, the court held a hearing on the motion for new trial. The court maintained its earlier judgment granting summary judgment for Holden, signed a judgment to that effect on July 30, 2001 and granted LSUHSC and Dr. Tran an appeal from that judgment. The matter is now presented to this court for review.
DISCUSSION
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact and that the mover is entitled to | ¿judgment as a matter of law. La. C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact.
The party opposing summary judgment cannot rest on the mere allegations of his pleadings but must show that he has evidence which could satisfy his evidentiary burden at trial. If he does not produce such evidence, then there is no genuine issue of material fact and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern a district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.08/21/96), 679 So.2d 477.
La. C.C.P. art. 967 provides in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissi *1106 ble in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....
Generally, insurance companies are free to limit coverage in any manner they so desire. Farmers Seafood Co., Inc. v. Progressive Security Ins. Co., 35,285 (La.App.2d Cir.11/16/01), 799 So.2d 866. However, an insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Id. The interpretation of an insurance contract is usually a legal question which can be properly resolved by means of a motion for summary judgment. Davis v. American Heritage Life Insurance Co., 35,153 (La.App.2d Cir.10/31/01), 799 So.2d 705. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable | ¿interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Davis, supra.
Pretermitting the questions of the interpretation of the exclusion from coverage and the resultant allocation of loss, we believe that the trial court erred in granting summary judgment on the evidence presented. Although the affidavits of the CEO of Assure Care, Inc. state that Hughes was operating a motorcycle under the influence of alcohol at the time of the accident, we believe that these affidavits are incompetent evidence to prove the matter asserted. It is apparent from the affidavits that the affiant’s knowledge of the facts asserted is based upon information contained in a police report or from sources other than his personal knowledge. As this court stated in Ledbetter v. Myers, 438 So.2d 700 (La.App. 2d Cir.1983):
The failure of an affiant to affirmatively show that their statements were made on personal knowledge does not prevent judicial consideration of his affidavit. An affidavit which does not measure up to a formal standard is subject to a motion to strike. In the absence of such a motion, or other objection, the lack of showing of personal knowledge is waived unless it is clear from the affidavit itself that it is not based on personal knowledge. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981)....
Personal knowledge means something which the witness actually saw or heard as distinguished from something he learned from some other person or source. Richardson ex rel. Brown v. Lagniappe Hospital Corp., 33,378 (La.App.2d Cir.05/15/00), 764 So.2d 1094, 1099.
Counsel for appellants argued at the hearing on the motion that the allegation of operating a motor vehicle under the influence of alcohol had not been adequately proven. We agree. Questions of fact still remain. In |7the absence of competent evidence that Hughes was operating the motorcycle under the influence of alcohol at the time of the accident, there is no reason to attempt to apply the illegal conduct exclusion.
CONCLUSION
For the above-assigned reasons, the judgment of the trial court granting summary judgment in favor of Holden is reversed, and this case is remanded for further proceedings. Costs of this appeal are assessed to Holden.
REVERSED AND REMANDED.

. Also referred to in the record as "Assure-care, Inc.”